SOUTHERN MILLS, INC., v. SUMMIT YARN COMPANY AND BELDING HEMINWAY COMPANY.

No. 306

SOUTHERN MILLS, INC., v. SUMMIT YARN COMPANY AND BELDING HEMINWAY COMPANY.

(Filed 20 October, 1943.)

**1. Pleadings § 16a—**

If the defect in the pleading, upon demurrer under C. S., 507, relates merely to misjoinder of actions, the court will, under C. S., 516, salvage the action by ordering it to be divided into as many actions as are necessary for determination of the causes of action stated; but where there is a misjoinder both of causes and of parties, this procedure cannot be followed.

**2. Same—**

Where plaintiff, in a suit against two corporate defendants, joins a cause of action based upon an alleged breach of contract by one of the defendants only, with a cause of action against the other defendant to compel an audit of its affairs, under C. S., 1146, on demand of a stockholder, and also, in the same complaint, asserts another cause of action against the first defendant for fraud and deceit, judgment of the court below, overruling defendants' demurrers, is reversed and the action dismissed.

**3. Pleadings §§ 16a, 20—**

Upon the dismissal of an action for misjoinder of parties and causes, appeals from all preliminary orders such as for an audit of the books of one of the defendants, C. S., 1146, are dismissed.

Denny, J., took no part in the consideration or decision of this case.

These appeals were argued together here and will be considered consolidated for the purpose of discussion.

### No. 305.

This is an appeal by defendants from the judgment rendered by *Rousseau, J.,* at the July Term, 1943, of Lincoln Superior Court, overruling demurrers identical in nature, separately filed by defendants, in which they asked dismissal of plaintiff's action for misjoinder of parties and causes of action.

The plaintiff brought the action for relief against the defendants under the following alleged circumstances:

The plaintiff, a domestic corporation, was the owner of a cotton mill plant, with equipment for the manufacture of cotton yarns in the city of Lincolnton, in this State. The defendant Belding Heminway Company was a corporation under the laws of Connecticut, extensively engaged in the manufacture, sale and distribution of textile products over a, wide area, including several states, directly and through its subsidiaries. This company entered into negotiations with the plaintiff for the purchase of its plant, which resulted in the following agreement:

"Belding Heminway Corticelli.

"119 West 40th Street
New York, N. Y.
March 17th, 1942

"Southern Mills, Inc.,
Lincolnton,
North Carolina.

"Dear Sirs:

"This will confirm that our agreement with you of March 5, 1942, is mutually, canceled and in place thereof, we have made a new agreement as follows:

"1. Belding Heminway Company will form a corporation which will purchase from you the inventory shown on the attached schedule, together with all necessary supplies which are now used to have a complete operating unit. The figures are taken from an appraisal made by

W. F. Kincaid, Jr., of Lincolnton, North Carolina. You agree that the inventory will be in good condition on the closing date and free and clear of all liens, claims and encumbrances.

"2. You will assign to us your lease on the mill property which you occupy at Lincolnton, North Carolina; you agree that all provisions of the lease will be performed as of the date of closing and the new company will assume the lease as to all obligations accruing on and after the date of closing. The present rental is One Hundred Seventy-five ($175.00) Dollars per month. You represent and warrant that the rent under the lease until September, 1943, is at the rate of One Hundred Seventy-five ($175.00) Dollars per month; that the lease terminates on that date unless the tenant elects to extend the term for a further period of two (2) years, such notice to be given by July, 1943.

"3. You are to furnish the services of Mr. M. M. Rudisill for a period of sixty (60) days for which the new company is to pay him Seventy-five ($75.00) Dollars per week to assist in operating the plant.

"5. The new company will pay you for the foregoing, the sum of Eighty-five Thousand ($85,000.00) Dollars and Twenty-five (25%) per cent of its authorized capital stock at the closing date. We shall have the exclusive option to buy your Twenty-five (25%) per cent stock interest in the new company for Forty Thousand ($40,000) Dollars at any time within five (5) years from the closing date.

"4. This transaction is to be authorized by the stockholders and directors of your company and we are to have certified copies of their resolutions.

"6. The deal will be closed at Lincolnton, North Carolina, March 19, 1942, with the understanding that if two or three days are needed to complete the incorporation or check the inventory, the closing date may be adjourned for that length of time at our request.

"If this represents your understanding of the transaction, will you please confirm it by signing one copy of this letter and also having the signature of Mr. M. M. Rudisill affixed as his confirmation to agree to it in so far as he is personally interested in the transaction.
"Read and Agreed to:

Very truly yours,

| | |
|---|---|
| SOUTHERN MILLS, INC. | BELDING HEMINWAY COMPANY |
| By: M. M. RUDISILL, | (Signed)  H. A. JOHNSON, |
| Secretary & Treasurer. | H. A. JOHNSTON, |
| (Signed): M. M. RUDISILL." | Vice President." |

To this agreement was attached a schedule or inventory identifying the property, subject of the sale.

In pursuance of this agreement the Belding Heminway Company organized a "new company" under the corporate title "Summit Yarn Company," which is now codefendant in this action. On 19 March, 1942, the Belding Heminway Company notified the plaintiff that the Summit Yarn Company had been organized pursuant to the agreement of 17 March, 1942, and with the notification enclosed two checks—one for $50,000 drawn by Belding Heminway Company to the order of Summit Yarn Company and endorsed by the latter company to the order of Southern Mills, Inc.; another check of Belding Heminway Company by Stahle Linn, Attorney, payable to Southern Mills Company in the amount of $35,000, making $85,000 in all. Also, the notice was accompanied with a stock certificate for 50 shares of the capital stock of Summit Yarn Company, which was 25% of all the authorized capital stock of the company at that date. These deliveries were accompanied by detailed statements in a letter, including the following: "We deliver these checks and this stock certificate, and you accept the same, in full settlement of all obligations of Summit Yarn Company and Belding Heminway Company to you by virtue of the said agreement of March 17, 1942."

On the same date the plaintiff conveyed all of the scheduled property to the Summit Yarn Company in pursuance of its agreement.

The complaint sets up the following grievances, for which plaintiff demands redress:

That the Belding Heminway Company artfully concealed from the plaintiff all details of the organization of the "new company"; that as organized, the officers of the Summit Yarn Company are the identical individuals who are also officers of the Belding Heminway Company; that the latter company by virtue of this fact and by virtue of its ownership of practically two-thirds of the stock dominates the new company, controls all of its actions, and uses it for the sole profit and advantage of the Belding Heminway Company; that its affairs are mismanaged, its ability to earn money for the stockholders has been destroyed, and its stock rendered worthless and the corporation reduced to insolvency.

Furthermore, it is alleged that at the time of the negotiations for the purchase of property and at the time the contract was made, it was understood and stipulated between the parties that $85,000 should be paid to the new corporation for three-fourths of its stock, and that the said $85,000 should be paid to the plaintiff for the property which it conveyed, and, as additional consideration, 25% of the capital stock of the new company should be delivered to it. It is alleged that the Belding Heminway Company failed to pay $85,000 for its proportion of the capital stock of the new company, but on the contrary, wrongfully and fraudulently secured the same for less than $12,000, "notwithstanding

the fact that the defendant Summit Yarn Company acquired from this plaintiff, through trickery and fraud perpetrated upon this plaintiff by the defendants, its valuable properties and business of the value of $127,540.00."

It is further alleged that the Belding Heminway Company fraudulently represented to plaintiff that it had complied with the terms of the agreement; whereas, it had not done so, and by such false representation relied upon by the plaintiff, it induced plaintiff to convey to the Summit Yarn Company its property aforesaid for $85,000 and stock which, because of the machinations of the Belding Heminway Company and the mismanagement of the corporation, has become worthless. It is further alleged that the Belding Heminway Company has set up a claim of indebtedness against the Summit Yarn Company in the amount of $350,000.

The complaint sets up that the plaintiff has never received any notice of stockholders' meetings of the Summit Yarn Company and has been studiously deprived of any information about its affairs; that plaintiff has repeatedly demanded, in writing, an audit of the affairs of the company, and the demand has been refused.

In its prayer for relief the plaintiff asks specifically for judgment: First, for recovery of $40,000 against defendants, jointly and separately; second, for an audit of the affairs of the Summit Yarn Company; third, for the appointment of a receiver to liquidate and wind up the affairs of the Summit Yarn Company; fourth, for an adjudication that any recovery had by plaintiff shall be paramount and superior to any claim of Belding Heminway Company against the Summit Yarn Company, and that plaintiff's demand be satisfied before any distribution of the assets of the Summit Yarn Company to the defendant Belding Heminway Company, or any of its officers or agents.

The defendants separately demurred to the complaint in identical terms, as follows (quoting from demurrer of Summit Yarn Company):

"Now comes the defendant, Summit Yarn Company, within the time fixed by statute, and demurs to plaintiff's complaint, for that there is a misjoinder of causes of action and of parties, in that, upon the face of the complaint, the plaintiff alleges four distinct causes of action, as follows:

"1. An alleged cause of action against the defendant, Belding Heminway Company, for breach of contract for the alleged failure of said defendant to pay the sum of $85,000 for three-fourths of the capital stock of the defendant, Summit Yarn Company, which alleged cause of action relates only to the defendant Belding Heminway Company.

"2. An alleged cause of action sounding in tort against the defendants, Summit Yarn Company and Belding Heminway Company, because of

alleged fraudulent representations with respect to the due performance by the defendant, Belding Heminway Company, of the contract referred to in the complaint, whereby plaintiff was fraudulently induced to part with the title to its property.

"3. An alleged cause of action, in the nature of a stockholder's derivative suit against the defendant, Belding Heminway Company, for fraudulent mismanagement of the affairs of the defendant, Summit Yarn Company, which alleged cause of action relates only to the defendant, Belding Heminway Company.

"4. An action under Section 1146 of the North Carolina Code for an audit of the books of the defendant, Summit Yarn Company, which alleged cause of action relates only to the defendant, Summit Yarn Company.

"WHEREFORE, the defendant, Summit Yarn Company, prays that this demurrer to plaintiff's complaint be sustained and that plaintiff's action be dismissed.                                        LINN & LINN,
                                        Attorneys for Defendant
                                        Summit Yarn Company."

The demurrers were overruled, and defendants excepted and appealed

*Sheldon M. Roper for plaintiff, appellee.*
*Linn & Linn for defendant Summit Yarn Company, appellant.*
*Jonas & Jonas for defendant Belding Heminway Company, appellant.*

SEAWELL, J. Standing uncontradicted, the complaint sets up a number of causes of action which entitle the plaintiff to legal redress. The defendants have not challenged any of the several statements of grievance as not constituting a cause of action. Probably it is realized that the more causes there are the better is the position of defendants upon their demurrer. We are not now concerned with their sufficiency in law.

A demurrer of this nature analyzes the complaint to see whether the causes of action set up therein are so related as to permit joinder under C. S., 507; and to see whether the parties brought in have a unity of interest with respect to the alleged causes of action.

In spite of the able argument of counsel for the plaintiff, we are not convinced that the rules of pleading have not been infringed. Emerging from the complicated transactions to which plaintiff attributes its injuries and upon which it bases its several causes of action, we find at least two claims or causes of action, for which specific relief is sought, which in a legal sense have no definite relation to each other as required in C. S., 507, and are, therefore, misjoined. Neither of them, taken separately, concerns or affects both defendants.

There is a cause of action for breach of contract against the Belding Heminway Company for failure to pay $85,000 for three-fourths of the stock in the new company, for which certainly no legal liability can be imputed to the Summit Yarn Company, but which, if it constitutes a liability at all, must be considered as addressed solely to the Belding Heminway Company; and there is a cause of action stated under C. S., 1146, against Summit Yarn Company to compel an audit of the affairs of that company upon the demand of a stockholder, which cannot be asserted, and is not asserted, against Belding Heminway Company. It is to be noted here that plaintiff cannot proceed under the cited statute to procure evidence to be used in a case against Belding Heminway Company. That must be obtained, if at all, under appropriate procedure.

Also, plaintiff has asserted a cause of action against Belding Heminway Company for fraud and deceit in falsely representing that it had complied with its contract, thereby inducing plaintiff to convey its property to Summit Yarn Company. This also is unrelated to the cause of action for audit against the Summit Yarn Company and affects only the Belding Heminway Company.

There is, therefore, a misjoinder both of causes of action and of parties.

There are other defects in the complaint of a like nature which need not be pointed out.

If the defect in the pleading related merely to misjoinder of actions, the Court might, under C. S., 516, salvage the action by ordering it to be divided into as many actions as are necessary for determination of the causes of action stated. *Gattis v. Kilgo,* 125 N. C., 133, 136, 24 S. E., 246; but where, as here, there is a misjoinder both of causes of actions and of parties who have no community of interest, this proceeding cannot be followed. *Beam v. Wright,* 222 N. C., 174, 176, 22 S. E. (2d), 270, and cases cited; *Citizens National Bank v. Angelo,* 193 N. C., 576, 137 S. E., 705; *Rose v. Fremont Warehouse, etc., Co.,* 182 N. C., 107, 109, 108 S. E., 389.

The judgment of the court below overruling defendants' demurrers is reversed and the action dismissed.

## No. 306.

In this we consider an appeal by defendants from an order in the same cause (see summary of complaint *supra*) made by Pless, J., at a hearing had upon notice at Chambers in Lenoir, 15 May, 1943. Prior to that time plaintiff had pressed its demand for an audit by motion before Judge Wilson Warlick, supported by affidavits, and an order to show cause why the relief should not be granted was served upon the defend-

ants. Upon the hearing under this order before Judge Pless, defendants exhibited a copy of an audit furnished the plaintiff, which the latter assailed as insufficient—as containing only a compilation of figures from the balance sheets of the company, not calculated to give the information contemplated in the statute (C. S., 1146). Judge Pless, being of that mind, ordered that a proper audit be made of the books of the Summit Yarn Company at the expense of the corporation, and appointed an auditor for that service.

We might say that dictionary definitions alone will not determine the character of the audit required under C. S., 1146, upon demand by the stockholder. Some discretion must certainly be vested in the court to see, at least, that it reasonably reflects the information customarily given in audits of that kind, so that the interested stockholder may be able to discover whether the assets of the company are being administered in accordance with sound corporate practice. But that matter is no longer before us. Appeal on a matter of this sort is held to be fragmentary and is subject to dismissal on that account—*Cole v. Trust Co.,* 221 N. C., 249, 20 S. E. (2d), 54; but it is not necessary to invoke that rule. The dismissal of the action itself (under No. 305) carries with it all proceedings of this nature taken in the cause during its pendency. Its subject matter no longer existing, the appeal is dismissed.

In No. 305—Action dismissed.

In No. 306—Appeal dismissed.

Denny, J., took no part in the consideration or decision of this case.