H. A. SNOTHERLY AND J. E. SNOTHERLY v. J. M. JENRETTE, JR., AND J. M. JENRETTE, SR.

(Filed 8 November, 1950.)

**1. Pleadings § 20½—**

Where there is a misjoinder of parties and causes, the action must be dismissed upon demurrer.

**2. Same—**

Where several causes of action have been improperly united, the cause will not be dismissed, but the court will sever the causes and divide the action. G.S. 1-132.

**3. Pleadings § 19b—Where upon the pleadings only one party is entitled to recover, there can be no misjoinder of parties plaintiff.**

Where, in an action instituted by copartners against lessors to recover for wrongful eviction and detention of personal property, breach of lease contract and malicious injury to business and credit standing, the complaint alleges that the original lease was made to the copartners but prior to the acts complained of a new agreement was entered into under which one of the partners bought out the interest of the other and the agreement sued on was made solely with the remaining partner, *held* there is but one party plaintiff to whom relief could be available on the facts alleged, and therefore dismissal on demurrer for misjoinder of parties and causes was improperly entered.

**4. Pleadings §§ 2, 19b—**

Causes of action to recover for wrongful eviction and detention of personal property, breach of lease contract and malicious injury to business and credit standing, may not be properly joined in the same complaint and the causes should be severed upon demurrer. G.S. 1-132.

**5. Pleadings § 19b—**

While a complaint will be construed liberally in favor of the pleader, where its allegations are sufficient to state several causes of action, the pleader may not successfully contend that the allegations constituting a misjoinder of causes should be limited to the function of stating transactions connected with the main cause of action and be related to it solely

on the question of damages, but the question of misjoinder must be determined in accordance with the allegations in the pleading.

**6. Pleadings § 19c—**

Defendant's demurrer on the ground that the complaint failed to state a cause of action *held* properly overruled upon the principle that to be subject to demurrer a pleading must be fatally defective, and that if any portion of it or to any extent it presents facts sufficient to constitute a cause of action, the demurrer should be overruled.

APPEAL by plaintiffs from *Williams, J.,* May Term, 1950, of WAKE. Reversed.

This was an action to recover damages for injuries suffered from defendants' wrongful breach of agreement with respect to the operation of a restaurant business on the premises of the defendants, and for wrongful eviction and detention of certain personal property.

Defendants demurred on the ground of misjoinder of parties and causes of action, and also for failure to state facts sufficient to constitute a cause of action. The demurrer for misjoinder of parties and causes of action was sustained and the action dismissed. Plaintiffs appealed.

*F. T. Dupree, Jr., for plaintiffs, appellants.*
*Lassiter, Leager & Walker for defendants, appellees.*

DEVIN, J. The facts alleged in the complaint to which the demurrer was directed were substantially these:

In December 1949 plaintiffs leased from defendants a building near Raleigh for the purpose of engaging in the restaurant business, and installed therein suitable equipment and fixtures. On 1 February, 1950, plaintiffs asked for reduction in rental or deferment of payment, and defendants replied with a proposal that plaintiff J. E. Snotherly should purchase the share and interest of H. A. Snotherly for $100, that defendants would make all delinquent payments on plaintiffs' equipment, and that on payment of the balance due thereon defendants would own two-thirds interest in all the assets and business and J. E. Snotherly one-third, J. E. Snotherly to operate the business and have a drawing account of $25 per week. It was proposed that the net profits should be divided, two-thirds to defendants and one-third to J. E. Snotherly, and that the previous lease of the building to the plaintiffs should be rescinded. Plaintiffs agreed to this proposal, and the defendants installed other equipment, and the restaurant was reopened for business under the new agreement. Two weeks later, on 17 February, 1950, defendants informed J. E. Snotherly that they had decided to change the agreement, and that defendants would assume all bills, pay off unpaid balances on equipment and pay

J. E. Snotherly $25, and let him out. Defendants said, "We are not going any further." J. E. Snotherly protested and declined the proposed change and refused the $25. Thereupon the defendants locked up the place and notified plaintiffs that their property must be removed by noon the following day. Plaintiffs instituted action with ancillary remedy of claim and delivery.

Plaintiffs alleged that defendants had wrongfully breached the agreement entered into, had wrongfully seized plaintiffs' property, and, maliciously designing to deprive plaintiffs of their property and to convert same to their own use, had evicted plaintiffs and negotiated with plaintiffs' creditors in attempt to secure the mortgaged property; and further that as result of defendants' malicious conduct plaintiffs' property was withheld, their business destroyed, their relations with their creditors embarrassed, and their credit, standing and good name in the community damaged. Plaintiffs prayed that they recover $5,000 compensatory damages and $5,000 punitive damages, and that they be declared entitled to the possession of the property described in the affidavit in claim and delivery proceedings.

To this complaint the defendants demurred on the ground of misjoinder of parties and causes of action. The court below sustained the demurrer on this ground and dismissed the action.

It has been uniformly held by this Court that separate and distinct causes of action set up by different plaintiffs or against different defendants may not be incorporated in the same pleading, and that such a misjoinder would require dismissal of the action. *Teague v. Oil Co., ante,* 469, 61 S.E. 2d 345; *Foote v. Davis & Co.,* 230 N.C. 422, 53 S.E. 2d 311; *Southern Mills, Inc. v. Yarn Co.,* 223 N.C. 479, 27 S.E. 2d 289; *Wingler v. Miller,* 221 N.C. 137, 19 S.E. 2d 247; *Holland v. Whittington,* 215 N.C. 330, 1 S.E. 2d 813; *Wilkesboro v. Jordan,* 212 N.C. 197, 193 S.E. 155; *Roberts v. Utilities Mfg. Co.,* 181 N.C. 204, 106 S.E. 664. But where several causes of action have been improperly united, the cause will not be dismissed and the court will sever the causes and divide the action. G.S. 1-132; *Southern Mills Co. v. Yarn Co.,* 223 N.C. 479 (485), 27 S.E. 2d 289; *Gattis v. Kilgo,* 125 N.C. 133, 34 S.E. 246. In the case at bar we note that it is alleged in the complaint that in accord with the defendants' proposal of 3 February, 1950, to which the plaintiffs agreed, the interest of H. A. Snotherly in the assets and business was eliminated. Hence only one of the two parties named as plaintiffs would be entitled to the relief demanded in the causes of action declared against the defendants jointly. While the complaint throughout uses the plural "plaintiffs" the only party aggrieved and to whom relief could be made available was the plaintiff J. E. Snotherly. It follows that the judgment sustaining the demurrer on the ground of misjoinder of parties and causes of action

was improperly entered. See *Campbell v. Power Co.,* 166 N.C. 488, 82 S.E. 842.

The complaint, in setting out the transactions with defendants, contains allegations of facts which would constitute grounds for separate and distinct causes of action, but it is contended by plaintiffs that only a cause of action for damages for wrongful eviction from the premises and wrongful detention of plaintiffs' personal property was attempted to be set up in the complaint, and that the allegations relating to breach of contract are by way of inducement, and that allegations of injury to plaintiffs' credit and standing in the community and malicious injury to plaintiffs' business are set out to show the extent of the injury and damage caused by defendants' wrongful conduct. However, the plaintiff may not now limit the purpose and legal extent of the allegations of fact which have been incorporated in the complaint.

While the rule in this jurisdiction requires that the allegations of the complaint be liberally construed and "every reasonable intendment and presumption must be made in favor of the pleader" (*Blackmore v. Winders,* 144 N.C. 212, 56 S.E. 874), it is also required that there be substantial accuracy in the averments of the complaint, with such clearness and conciseness of statement that the real issues in the controversy may be evolved. True, the plaintiff is entitled to unite in same complaint several causes of action where they all arise out of the same transaction or connected with same subject of action (G.S. 1-123), but we think there are in the complaint here allegations of fact which would give rise to separate and distinct causes of action, and that defendants would be entitled to the allowance of motion for severance under such terms as the court, in accordance with the statute G.S. 1-132, may properly order.

The suggestion that H. A. Snotherly has not been paid for his interest in the assets and business, and, hence, has a cause of action against J. E. Snotherly or the defendants therefor is not borne out by the allegations of the complaint.

The defendants' demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action was not decided by the court below, but the demurrer is in the record and was argued here. Adhering to the rule that a complaint must be fatally defective before it will be rejected as insufficient, and that if in any portion of it or to any extent it presents facts sufficient to constitute a cause of action the pleading will stand, we think the demurrer on this ground must be overruled. *Davis v. Rhodes,* 231 N.C. 71, 56 S.E. 2d 43; *Winston v. Lumber Co.,* 227 N.C. 339, 42 S.E. 2d 218; *Sandlin v. Yancey,* 224 N.C. 519, 31 S.E. 2d 532; *Blackmore v. Winders, supra.*

The judgment sustaining the demurrer and dismissing the action is

Reversed.