J. ALVIN TART AND WIFE, GLADYS PEARL TART, v. MRS. SUE NICHOLS BYRNE, ADMINISTRATRIX, AND WALTER E. NICHOLS, ADMINISTRATOR OF W. E. NICHOLS, DECEASED, AND I. R. WILLIAMS, TRUSTEE.

(Filed 13 January, 1956)

1. **Pleadings § 19b—**

Where there is a misjoinder of parties and causes of action, the action must be dismissed; it is only where several causes of action have been improperly joined that the court will sever the causes and divide the action without dismissal.

2. **Same—Demurrer for misjoinder of parties and causes of action held properly sustained.**

Plaintiffs set out in their complaint a contract under which they were to be paid by *cestui* a specified royalty on each gallon of gasoline sold by them, which payments were to be applied to the indebtedness secured by the deed of trust. The action was instituted against the administrators of the *cestui* and the trustee in the deed of trust, alleging breach of the contract, and seeking an accounting against the administrators and praying that the deed of trust be declared void and the foreclosure thereunder set aside. The complaint also alleged a cause of action against the administrators for fraud and for slander or defamation of plaintiffs' business reputation by intestate, and a cause of action against the administrators for suppressing bids at the judicial sale. *Held:* The trustee is neither a necessary nor proper party to the action for defamation, or fraud, or for the suppression of bidding at the foreclosure sale, nor could these causes be tried along with the other causes alleged, G.S. 1-123, and therefore judgment sustaining demurrer for misjoinder of parties and causes of action, and dismissing the action, was proper. G.S. 1-127(5).

3. **Pleadings § 3a—**

Where plaintiffs declare upon several causes of action, each cause should be separately stated. Rule of Practice in the Supreme Court No. 20 (2).

APPEAL by plaintiffs from *Morris, J.,* June Term, 1955, of HARNETT.

Plaintiffs instituted this action against Mrs. Sue Nichols Byrne and Walter E. Nichols in their capacity as administrators of W. E. Nichols, deceased (W. E. Nichols died in June 1954), and against I. R. Williams as trustee in a deed of trust executed by the plaintiffs to secure certain indebtedness owed by them to W. E. Nichols.

It is alleged in the complaint that on or about 1 September, 1953, the plaintiffs and W. E. Nichols entered into a written contract (not set out in the record) whereby the plaintiffs and W. E. Nichols were to carry out certain business transactions wherein W. E. Nichols was to furnish gasoline products to the plaintiffs and the plaintiffs were to receive certain rebates or premiums on the products sold. That pursuant to the contract, the plaintiffs, on 5 September, 1953, executed a note to W. E. Nichols in the sum of $7,000.00, secured by a deed of

trust, payable $1,000.00 on 15 September, 1954, and a like sum on 15 September of each successive year through 1960; that in furtherance of the agreement, the plaintiffs leased a filling station to W. E. Nichols for the purpose of selling Amoco gas products for Lee-Moore Oil Company of Sanford, North Carolina, of which W. E. Nichols was an official and a stockholder. That according to the terms of the lease agreement, the plaintiffs were to receive two cents a gallon royalty on all gas sold for W. E. Nichols, which sum was to apply on the principal indebtedness secured by the deed of trust; that the said W. E. Nichols willfully failed and refused to comply with his contract and repudiated his obligations thereunder.

The defendant administrators demurred to the complaint on the ground that there is a misjoinder of parties defendant and causes of action. The various causes of action attempted to be set up in the complaint, none of which are separately stated, are pointed out in the demurrer, as follows:

1. A cause of action for breach of contract against the defendant administrators but not against the defendant I. R. Williams, which purported cause of action sounds in contract.

2. A cause of action for an accounting against the defendant administrators but not against the defendant I. R. Williams, which purported cause of action is equitable in its nature.

3. A cause of action against the defendant administrators for slander or defamation of plaintiffs' business reputation by W. E. Nichols, his servants and agents, but not against the defendant I. R. Williams, which purported cause of action sounds in tort.

4. A cause of action for fraud against the defendant administrators but not against the defendant I. R. Williams, which purported cause of action sounds in tort.

5. A cause of action which is denominated a cause of action for negligence in breaching the contract entered into on 1 September, 1953, against the defendant administrators but not against the defendant I. R. Williams.

6. A cause of action for suppressing bids at a judicial sale against the defendant administrators but not against the defendant I. R. Williams, which purported cause of action sounds in tort.

7. A cause of action to have the deed of trust referred to in the complaint declared null and void and to set the same aside against all the defendants, which purported action is equitable in its nature.

8. A cause of action to have the foreclosure proceeding under the power of sale contained in the deed of trust referred to in the complaint, declared null and void and to restrain further proceedings under the

power of sale contained in said deed of trust against all the defendants, which purported cause of action is equitable in its nature.

The court below sustained the demurrer and dismissed the action. The plaintiffs appeal, assigning error.

*E. Reamuel Temple, Jr., for plaintiff appellants.*
*McDermott & Cameron for defendant appellees.*

DENNY, J.   It appears from the answer filed by the defendant I. R. Williams, trustee, that J. Alvin Tart and wife, Gladys Pearl Tart, executed a note in the sum of $7,000.00, dated 20 November, 1952, to the First-Citizens Bank and Trust Company, Dunn, North Carolina, and secured it by the execution of a deed of trust on certain lands and personal property to R. P. Holding, trustee.   Thereafter, these plaintiffs employed I. R. Williams as their attorney to prepare the deed of trust referred to in the complaint.   That the latter deed of trust was given on the identical real and personal property described in the deed of trust to R. P. Holding, trustee.   That the First-Citizens Bank and Trust Company was paid the sum of $7,000.00, furnished by W. E. Nichols on 5 September, 1953.

The deed of trust dated 5 September, 1953, to secure the note for $7,000.00 executed by the plaintiffs and delivered to and held by W. E. Nichols, according to the answer of I. R. Williams, trustee, has been foreclosed and the Dunn Production Credit Association of Dunn, North Carolina, became the last and highest bidder in the sum of $8,500.00, which bid has been confirmed by the Clerk of the Superior Court of Harnett County; and the trustee is ready to deliver the deed to the said bidder.

The plaintiffs say in their brief, speaking through counsel, that they have abandoned their prayer seeking to restrain the defendant I. R. Williams, trustee, from foreclosing the property described in the deed of trust.   Even so, they have not abandoned their alleged cause of action to have the deed of trust declared null and void and the foreclosure proceeding set aside.   I. R. Williams, the trustee in the deed of trust, is a necessary party to such an action.   However, the defendant trustee is neither a necessary nor a proper party to the cause of action for alleged defamation of character by W. E. Nichols and his servants and agents.   He would likewise not be a necessary or proper party to the purported action for damages allegedly flowing from the suppression of bidding at the foreclosure sale by the servants and agents of the estate of W. E. Nichols, deceased.   Moreover, these latter causes of action would not be triable along with the other alleged causes of action set out in the complaint if the action had been instituted against the

defendant administrators alone. *Johnson v. Scarborough,* 242 N.C. 681, 89 S.E. 2d 420; *Snotherly v. Jenrette,* 232 N.C. 605, 61 S.E. 2d 708; *Smith v. Gibbons,* 230 N.C. 600, 54 S.E. 2d 924; *Hancammon v. Carr,* 229 N.C. 52, 47 S.E. 2d 614; *Pressley v. Tea Co.,* 226 N.C. 518, 39 S.E. 2d 382.

In *Snotherly v. Jenrette, supra, Devin, J.,* later *Chief Justice,* said: "It has been uniformly held by this Court that separate and distinct causes of action set up by different plaintiffs or against different defendants may not be incorporated in the same pleading, and that such a misjoinder would require dimissal of the action. *Teague v. Oil Co., ante,* 469, 61 S.E. 2d 345; *Foote v. Davis & Co.,* 230 N.C. 422, 53 S.E. 2d 311; *Southern Mills, Inc. v. Yarn Co.,* 223 N.C. 479, 27 S.E. 2d 289; *Wingler v. Miller,* 221 N.C. 137, 19 S.E. 2d 247; *Holland v. Whittington,* 215 N.C. 330, 1 S.E. 2d 813; *Wilkesboro v. Jordan,* 212 N.C. 197, 193 S.E. 155; *Roberts v. Utility Mfg. Co.,* 181 N.C. 204, 106 S.E. 664. But where several causes of action have been improperly united, the cause will not be dismissed and the court will sever the causes and divide the action. G.S. 1-132; *Southern Mills Co. v. Yarn Co.,* 223 N.C. 479 (485), 27 S.E. 2d 289; *Gattis v. Kilgo,* 125 N.C. 133, 34 S.E. 246."

In the instant case, the plaintiffs have attempted to set up separate and distinct causes of action which do not affect all the defendants as contemplated by G.S. 1-123 and G.S. 1-127(5). Moreover, the plaintiffs have failed to state separately their alleged causes of action as required by Rule 20 (2) of the Rules of Practice in the Supreme Court, 221 N.C. 557; *Mills v. Cemetery Park,* 242 N.C. 20, 86 S.E. 2d 893; *Heath v. Kirkman,* 240 N.C. 303, 82 S.E. 2d 104; *Large v. Gardner,* 238 N.C. 288, 77 S.E. 2d 617; *Parker v. White,* 237 N.C. 607, 75 S.E. 2d 615; *King v. Coley,* 229 N.C. 258, 49 S.E. 2d 648.

The ruling of the court below sustaining the demurrer and dismissing the action will be upheld.

Affirmed.

HIGGINS, J., took no part in the consideration or decision of this case.