A. A. SHORT AND WIFE, MARY A. SHORT v. NANCE-TROTTER REALTY, INC., A CORPORATION, AND HOWARD T. NANCE AND WILLIAM H. TROTTER, INDIVIDUALS.

(Filed 14 October, 1964.)

**1. Pleadings § 18—**

Where the court sustains demurrer for misjoinder of parties and causes of action, the court should dismiss the action.

**2. Trespass § 1; Trespass to Try Title § 1—**

A party may allege ownership of realty and that defendants had trespassed thereon to his damage in a stated amount, or he may allege that he is in lawful possession of land and that defendant had committed trespass against his possession to his damage in a stated amount, in which case plaintiff is not required to prove title but only lawful possession and damages.

**3. Trespass § 5; Trespass to Try Title § 2; Pleadings § 18—**

Allegations to the effect that plaintiffs were the owners of certain land by record title and the owners of contiguous lands by adverse possession, and that defendants had committed several acts of trespass against both tracts constitute but a single cause of action, so there can be neither misjoinder of parties nor causes.

**4. Parties § 9;    Pleadings § 18—**

> If an unnecessary party be joined, the remedy is by motion to dismiss as to such party.

**5. Parties § 1;    Pleadings § 18—**

> If necessary parties are absent, they may be brought in by motion, order, and the service of process.

**6. Appeal and Error § 40—**

> Where the court erroneously sustains demurrer for misjoinder of parties and causes, but does not dismiss the action but grants leave to amend, plaintiff is not prejudiced by the error when the complaint is such as to require amendment.

APPEAL by plaintiffs from *Riddle, S. J.*, June 22, 1964 "D" Civil Session, MECKLENBURG Superior Court.

The plaintiffs instituted this civil action against the defendant corporation and its president and vice president-treasurer as individuals. The defendants demurred. The court sustained the demurrer upon the ground of misjoinder both of parties and causes, but entered an order allowing plaintiffs 20 days in which to file an amended complaint. The plaintiffs appealed.

*Ray Rankin, Lloyd F. Baucom, for plaintiff appellants.*
*Louis A. Bledsoe, Jr., Joseph A. Moretz for defendant appellees.*

HIGGINS, J.   The complaint contains more than 19 pages of single-spaced type. It attempts to allege three separate causes of action. In the first cause the plaintiffs allege they are the owners and in possession of five described lots in the City of Charlotte by virtue of duly recorded deeds; that the defendants have wrongfully trespassed on said lots, grading and building a street, removing shrubbery and undergrowth to their damage in the sum of $15,000.00. As a second cause they allege they are the owners by adverse possession for more than 20 years of a portion of Chester Street at or near the five lots described in the first cause of action, and that the defendants have wrongfully trespassed on the street by grading and building a roadway, to their damage in the sum of $15,000.00. As a third cause of action the plaintiffs allege that the defendants, by construction of "a roadbed . . . which generally follows Chester Street, and partially . . . on lots 1 and 5 described in the first cause . . . removed several trees and bushes . . . and caused to be hauled on to plaintiffs' land . . . a large volume of dirt . . . that the defendants caused to be installed under said raised roadbed a culvert . . . 18 inches in diameter" which impounded and diverted sur-

face water across plaintiffs' land to their damage in the sum of $15,-000.00. The plaintiffs allege generally that the defendants' several acts of trespass were unlawfully, wilfully and intentionally committed, for which they are entitled to recover altogether $45,000.00 actual, and $50,000.00 punitive, damages.

The court committed error in sustaining the demurrer for misjoinder of parties and causes and thereafter allowing the plaintiffs to amend. A misjoinder of parties and causes requires dismissal of the action. *Southern Mills v. Yarn Co.,* 223 N.C. 479, 27 S.E. 2d 289. Actually, the plaintiffs seem to have one cause of action for trespass. A plaintiff may bring an action in trespass, alleging he is the owner of described lands; that the defendant has committed acts of trespass thereon to his damage, and the amount thereof. *Andrews v. Bruton,* 242 N.C. 93, 86 S.E. 2d 786; *Norman v. Williams,* 241 N.C. 732, 86 S.E. 2d 593. Or, the plaintiff may allege he is in the lawful possession of described lands; that the defendant has committed acts of trespass against his possession to his damage, and the amount thereof. *Matthews v. Forrest,* 235 N.C. 281, 69 S.E. 2d 553. In the latter case the plaintiff is not required to prove title, but only lawful possession and damages for interfering therewith.

In the light of the authoritative cases, it seems the plaintiffs should have alleged a single cause of action for trespass and the resulting damages. Hence there is neither misjoinder of parties nor causes. In the event of unnecessary parties, the remedy is by motion to dismiss as to them. If necessary parties are absent, they may be brought in by a motion, order, and the service of process. We suggest the plaintiffs may not have enough parties present to permit them to establish either ownership or lawful possession of Chester Street by adverse possession.

The plaintiffs appealed. The court order permits them to amend. The condition of their pleadings makes amendment necessary in order to avoid confusion at the trial. There is error in the court's holding that the pleadings show a misjoinder of parties and causes. Of this, plaintiff appellants may not complain because of the permission and the necessity to amend. Otherwise, the order is

Affirmed.