CHARLES W. GILLIAM AND WIFE, HETTIE P. GILLIAM v. BRUCE RUFFIN AND WIFE, PAULINE J. RUFFIN; CHARLES RUFFIN AND WIFE, JO ANN B. RUFFIN; RUFFIN & RUFFIN REALTY & CONSTRUCTION, INC., A CORPORATION; AND R. G. HANCOCK AND WIFE, CORA E. HANCOCK

No. 6918SC30

(Filed 26 February 1969)

1. Parties § 1—   necessary parties

   G.S. 1-73 contemplates that all persons necessary to a complete determination of the matters in litigation may, in some instances, and must in others, be made parties plaintiff or defendant.

2. **Pleadings § 29— judgment on demurrer — misjoinder of causes**

Where a demurrer is sustained for misjoinder of causes only, the several causes of action may be divided. G.S. 1-132.

3. **Pleadings § 29— judgment on demurrer — misjoinder of parties and causes**

Where demurrer is sustained for misjoinder of parties and causes of action, the action must be dismissed and the court is without authority to allow plaintiffs to amend or to direct a severance of the causes of action for trial under G.S. 1-132.

4. **Pleadings § 29; Parties § 3— misjoinder of parties and causes — dismissal of action — amendment — joinder of same defendants under G.S.1-73**

Where an action is dismissed as to certain defendants for misjoinder of parties and causes of action, plaintiffs may not thereafter amend their complaint and bring such defendants back into the action as new parties under G.S. 1-73, and motion that the action again be dismissed as to such defendants should be allowed.

APPEAL by defendants R. G. Hancock and wife, Cora E. Hancock, from *Gwyn, J.,* 9 September 1968 Session of Superior Court of GUILFORD County, Greensboro Civil Division.

This case has been here before on an appeal by plaintiffs from a judgment allowing demurrer and dismissing the action as to some of the defendants, including the defendants R. G. Hancock and wife, Cora E. Hancock (Hancocks). This Court held that the demurrer should have been allowed and the action dismissed as to the Hancocks and others because of a misjoinder of parties and causes of action. For a summary of the causes of action, see opinion by Morris, J., in *Gilliam v. Ruffin,* 1 N.C. App. 503, 162 S.E. 2d 145, which was filed 10 July 1968.

Under date of 20 July 1968, plaintiffs moved "to amend their complaint in this action by striking therefrom defendants Jerry Williams and BOFA, Inc., as parties, and by striking therefrom the Fifth and Sixth Causes of Action." On 26 July 1968 Judge Exum denied this motion and ordered that "(t)he plaintiffs are allowed to and including the first day of September, 1968, to amend as permitted by Judge Crissman's Judgment of March 15, 1968."

The pertinent parts of the 15 March 1968 judgment of Judge Crissman read:

"IT APPEARING TO THE COURT upon argument of counsel that there is a misjoinder of parties and causes, and that the Demurrer as to defendants Hancock, Jerry Williams and BOFA, Inc. should be allowed, and the matter dismissed as to them, and IT

FURTHER APPEARING TO THE COURT that the Demurrer as to the defendants Ruffin should be allowed, but the Court in its discretion being of the opinion that the plaintiffs should be allowed to amend their complaint as to the defendants Ruffin and the corporate defendant Ruffin;

Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Demurrers of the defendants Williams, BOFA, Inc. and Hancock be and the same are hereby sustained and allowed and this matter is dismissed as to them, and as to the defendants Ruffin the Demurrer is allowed, but the Court in its discretion allows the plaintiffs twenty (20) days within which to amend their complaint, if any they have, against the other defendants herein."

On 5 August 1968 plaintiffs filed a motion in which it is asserted that plaintiffs have amended their complaint *pursuant to permission of the court* and request that the Hancocks be made parties. On 5 August 1968 an assistant clerk of the superior court signed an order making the Hancocks parties hereto.

On 26 August 1968 the Hancocks filed a motion to again dismiss the case as to them, alleging, among other things:

"That the complaint which the plaintiffs have caused to be served on these defendants, pursuant to the order making them parties, is in its essence identical in allegations of purported causes of action to the Amended Complaint as to which demurrer has been granted herein. That this Court has refused to allow the plaintiffs to amend their complaint as to these defendants and informed the attorney for the plaintiffs in open court that this cause has been dismissed as to these defendants. That the plaintiffs have contrary to the intentions and purposes of the Order of 26 July 1968 and without the knowledge of the Presiding Judge of this Court procured an Order from the Clerk of this Court bringing in these defendants to defend the same cause a second time.

WHEREFORE, these defendants would pray the Court that this matter be dismissed as to them for that this Court has no jurisdiction to try this action to final Judgment more than once."

From an order of the Superior Court dated 27 September 1968 denying their motion to dismiss, the Hancocks appeal.

*David M. Clark for plaintiff appellees.*

*Hoyle, Boone, Dees & Johnson by J. Sam Johnson, Jr., for defendants Hancock, appellants.*

MALLARD, C.J.

[4] The plaintiffs had no authority to amend their complaint in this case so as to again make the Hancocks necessary parties. We find no statute under these circumstances giving them such authority. The order of Judge Crissman of 15 March 1968 does not give them such authority. The order of Judge Exum dated 26 July 1968, to which the plaintiffs did not except, specifically denies their motion of 20 July 1968 to be permitted to amend. Plaintiffs have not cited any authority permitting them to amend but argue in their brief:

> "So far as we could determine, the situation presented was unique. But no reason in law or equity presented itself why the appellants could not be brought back into the action as new parties under G.S. 1-73, since the objection of misjoinder of parties and causes had been removed by the dropping of the Fifth and Sixth Causes of Action involving Williams and BOFA, Inc."

[1] G.S. 1-73 contemplates that all persons necessary to a complete determination of the matters in litigation may, in some instances, and must in others, be made parties plaintiff or defendant. *Moore v. Massengill,* 227 N.C. 244, 41 S.E. 2d 655. In the instant case the court had specifically dismissed it as to the Hancocks, and G.S. 1-73 is not applicable.

[2] Under G.S. 1-132, where a demurrer is sustained for misjoinder of causes only, the several causes of action may be divided. In the instant case the plaintiffs attempted to divide the causes of action by amendment deleting portions thereof. This they could not do.

[3] The Supreme Court has held that under G.S. 1-132 a cause of action cannot be divided where there is both a misjoinder of causes and also a misjoinder of parties. *Tart v. Byrne,* 243 N.C. 409, 90 S.E. 2d 692; *Southern Mills, Inc. v. Yarn Co.,* 223 N.C. 479, 27 S.E. 2d 289; *Bank v. Angelo,* 193 N.C. 576, 137 S.E. 705.

In the case of *Short v. Realty Co.,* 262 N.C. 576, 138 S.E. 2d 210, Justice Higgins said:

> "The court committed error in sustaining the demurrer for misjoinder of parties and causes and thereafter allowing the plaintiffs to amend. A misjoinder of parties and causes requires dismissal of the action."

In the case of *Bannister & Sons, Burch, Salter, Stock Yards, Troup v. Williams,* 261 N.C. 586, 135 S.E. 2d 572, Justice Sharp said:

> "Under our practice 'a misjoinder of parties and causes of action constitutes a fatal defect. A severance is not permissible.' *Shaw v. Barnard,* 229 N.C. 713, 51 S.E. 2d 295; *Moore County v. Burns,* 224 N.C. 700, 32 S.E. 2d 225. In other words, 'the Court is not authorized in such cases, to direct a severance of the respective causes of action for trial under the provisions of G.S. 1-132.' The action must be dismissed."

**[4]** When the demurrer was allowed on the grounds of misjoinder of parties and causes of action, the action should have been dismissed. *Kearns v. Primm,* 263 N.C. 423, 139 S.E. 2d 697; *Exterminating Co. v. O'Hanlon,* 243 N.C. 457, 91 S.E. 2d 222; *Snotherly v. Jenrette,* 232 N.C. 605, 61 S.E. 2d 708. It was dismissed as to these defendants. The order denying the motion of the Hancocks to again dismiss this case as to them is

Reversed.

BRITT and PARKER, JJ., concur.