WALTER W. HENDRIX, JR. v. JAMES RICHARD ALSOP; CHARLES PFIZER CO., INC.; AND J. B. ROERIG AND CO., A DIVISION OF CHARLES PFIZER CO., INC.

No. 7018SC421

(Filed 3 February 1971)

1. Actions §§ 10, 12— pendency of action — two-year delay in filing complaint

Where plaintiff instituted an action against the individual defendant on 5 May 1967 and obtained an extension of time to file complaint, and thereafter plaintiff filed a complaint in August 1969 against the individual defendant and against two corporate defendants, the action was still pending against the original defendant in August 1969, since (1) the original defendant had not moved to dismiss the action, (2) the plaintiff had not taken a voluntary nonsuit, (3) there had been no discontinuance of the action for failure to perfect service of summons, and (4) the action had not been otherwise determined by final judgment; consequently, the clerk of superior court erred in dismissing the complaint as to the individual defendant.

2. Rules of Civil Procedure § 1— date of applicability

The Rules of Civil Procedure are inapplicable where all of the proceedings in issue transpired before 1 January 1970.

3. Process § 3; Actions § 10— issuance of summons — date of issuance — prima facie evidence

Prior to 1 January 1970 the usual procedure to commence a civil action was by issuance of summons, and the date of the summons was prima facie evidence of the date of issuance. G.S. 1-88; G.S. 1-88.1.

4. Actions § 10— pendency of action

Prior to 1 January 1970, an action was deemed to be pending from the time it was commenced until its final determination; the final determination was by final judgment, except where a discontinuance of a civil action occurred under G.S. 1-96 for failure to perfect service of summons.

5. **Limitation of Actions § 12— computation of period of limitation — extension of time to file answer**

Where plaintiff fails to comply with the statutory provisions relating to extension of time to file complaint, the date the complaint was filed must be used in determining whether the statute of limitations is applicable.

6. **Pleadings § 1— filing of complaint more than two years after institution of action— necessity for court order**

As to action which was instituted in May 1967, it was not a prerequisite to filing the complaint on 1 August 1969 that there be a court order granting an extension of time, where no effort had been previously made to dismiss the action.

7. **Parties § 1— necessary parties — necessity for order authorizing joinder of additional defendants**

Where plaintiff instituted an action against an individual defendant on 5 May 1967 and obtained an extension of time to file complaint, and thereafter plaintiff filed a complaint in August 1969 against the individual defendant *and* against two corporate defendants, the clerk of court correctly dismissed the action as to the two corporate defendants, since the plaintiff had obtained no order authorizing him to make the corporations additional parties defendant in the 1967 action.

8. **Parties § 1— absence of necessary parties**

If necessary parties are absent, they may be brought in by a motion, order, and service of process.

Judge GRAHAM concurring in part and dissenting in part.

ON *certiorari* to review three orders dated 6 January 1970 entered in this cause by *Gambill, Judge of the Superior Court,* 5 January 1970 Session, GUILFORD Superior Court.

On appropriate application by plaintiff we have considered the Record on Appeal as a petition for writ of *certiorari,* we have issued the writ, and we now consider the appeal upon its merits.

This is a civil action seeking to recover damages for alleged conspiracy, assault, libel, trespass, false arrest, malicious prosecution, and abuse of process.

Summons was issued 5 May 1967, in an action entitled *"Walter W. Hendrix, Jr. v. James R. Alsop"* and at the same time the Clerk entered an order for an adverse examination of Alsop along with an order extending time to file complaint to twenty days following report of the adverse examination. Alsop appealed to the Judge from the Clerk's order for an adverse

examination, and from an unfavorable ruling by the Judge, Alsop further appealed to this Court.

By opinion reported in 1 N.C. App. 422, 161 S.E. 2d 772, this Court ruled that plaintiff had failed to show necessity for adversely examining Alsop and remanded the case to the Superior Court of Guilford County for entry of an order consistent with the opinion. The opinion of this Court was certified to the Superior Court of Guilford County on 1 July 1968, and thereafter, on 20 August 1968, Judge Collier entered an order vacating the orders for adverse examination of Alsop and adjudged that plaintiff's request for such examination be denied.

On 1 August 1969 plaintiff filed a complaint which was entitled *"Walter W. Hendrix, Jr. v. James Richard Alsop; Charles Pfizer Co., Inc.; and J. B. Roerig and Co., a Division of Charles Pfizer Co., Inc."* On this same date plaintiff caused the Clerk to issue summons to defendant Alsop, and also secured from the Clerk an order directing service of the complaint on defendant Alsop. An alias summons, an order for service of complaint, and the complaint were served on defendant Alsop on 18 September 1968.

Also on 1 August 1969 summons was issued to Charles Pfizer Company, Inc. and to J. B. Roerig and Company. Summons and copy of the complaints were served on these two defendants on 4 August 1969.

On 27 August 1969 defendant Alsop filed a motion with the Clerk to strike out and set aside the complaint filed on 1 August 1969; to vacate and set aside the order of 1 August 1969 directing service of the complaint; and that the action be dismissed. This motion was made upon the grounds that plaintiff had failed to file complaint within 20 days after the certification of the opinion of this Court or within 20 days after the order of Judge Collier entered in conformity with the opinion of this Court; and that the Clerk had no authority to extend the time for filing complaint beyond that time.

On 27 August 1969 Pfizer and Roerig filed a motion with the Clerk to vacate and quash the summons; to strike out and set aside the complaint; and to dismiss the action. The grounds for this motion was that no order had been entered allowing plaintiff to make them additional parties in the action instituted 5 May 1967.

The motion by Alsop was allowed by order of the Clerk dated 16 September 1969. The motions by Pfizer and Roerig were allowed by order of the Clerk dated 22 September 1969. From the entry of these orders dismissing plaintiff's action as to Alsop, and as to Pfizer and Roerig, plaintiff appealed to the Judge of Superior Court.

Plaintiff filed a motion before the Judge for additional time within which to file his complaint; and also filed a motion before the Judge to vacate the order entered by Judge Collier on 20 August 1968.

Judge Gambill conducted a hearing upon plaintiff's appeals from the Clerk, and upon plaintiff's two motions which were filed before the Judge. At the conclusion of the hearing Judge Gambill entered the following three orders dated 6 January 1970: (1) an order denying plaintiff's motion for an extension of time within which to file his complaint; affirming the Clerk's order striking the complaint and order for service thereof, and dismissing the action as to defendant Alsop; (2) an order affirming the Clerk's order striking the complaint and summons, and dismissing the action as to defendants Pfizer and Roerig; and (3) an order denying plaintiff's motion to vacate the order of Judge Collier dated 20 August 1968. These three orders by Judge Gambill dated 6 January 1970 are the orders that plaintiff seeks to have reviewed.

*Max D. Ballinger for the plaintiff.*

*J. B. Winecoff and Harry Rockwell for the defendants.*

BROCK, Judge.

Because of the plaintiff's action on 1 August 1969 of causing a summons to be issued and served upon the defendant Alsop under a caption different from that used upon the summons issued to Alsop in 1967; and because on 1 August 1969 plaintiff caused separate summons to be issued to the defendants Pfizer and Roerig; and because the record before us did not disclose whether a new action was instituted on 1 August 1969, we requested additional argument, upon briefs only, on the following question: "Did the issuance of summons on 1 August 1969 to defendant Alsop and the two corporate defendants constitute the commencement of an action on 1

August 1969 against the three defendants?" Also we secured additional information concerning the record from the Clerk of Superior Court. In their supplemental briefs counsel for plaintiff and counsel for defendants insist that no new action was instituted on 1 August 1969 but that the complaint was filed and the summonses issued in the 1967 action. The Clerk's records bear out that this was the intention of all parties because the 1967 case file has been brought forward at all times to contain the complaint, summonses, motions, and orders filed in 1969. Further plaintiff's motion for additional time to file the complaint in the 1967 action and plaintiff's motion to vacate Judge Collier's 1968 order clearly show that it was plaintiff's intention that this complaint be filed in, and that these summonses be issued in, the 1967 action.

[1] The orders of the Clerk of Superior Court of Guilford County, dated 16 September 1969 and 22 September 1969, allowing defendants' motions to dismiss plaintiff's action, and Judge Gambill's orders of 6 January 1970 affirming the orders of the Clerk are based upon theories to the following effect:

As to defendant Alsop:

That the extension of time to file complaint allowed by the Clerk in May 1967 had expired before 1 August 1969, and the Clerk had no authority to further extend the time. Therefore, the filing of the complaint on 1 August 1969 was without authority and the complaint, along with the order for service thereof, should be stricken.

As to defendants Pfizer and Roerig:

That plaintiff obtained no order allowing him to make Pfizer and Roerig parties defendant in the May 1967 action, and plaintiff's unilateral act of causing summons and complaint to be served upon them was ineffective to make them parties, and the summons and complaint should be stricken as to each of them.

[2] All of the proceedings in this case, with the exception of the orders from which this appeal is taken, the procedural propriety of which are not in issue, transpired before the effective date of the Rules of Civil Procedure, N.C. G.S. Chap. 1A; therefore, the disposition of this appeal is governed by the rules of practice as they existed before 1 January 1970.

[1]  This appeal can be considered as though the following situation exists: Plaintiff caused summons to be issued and obtained an order from the Clerk extending time within which to file his complaint. The time designated within which plaintiff might file his complaint expired without complaint being filed. No further action was taken by plaintiff or defendant until a considerable time elapsed, and thereafter the chronology of the events is as follows: Plaintiff filed a complaint naming the original defendant as a defendant, and also naming two additional parties as defendants. At the time of filing the complaint plaintiff secured an order from the Clerk for service of the complaint on the original defendant, and caused summons to be issued for the two additional defendants. The order and complaint were served on the original defendant, and the summons and complaint were served on the two additional defendants. Each defendant then moved to dismiss upon the theories summarized above, and their motions were allowed.

[3, 4]  Prior to 1 January 1970 the usual procedure to commence a civil action was by issuance of summons, G.S. 1-88, and the date of the summons was *prima facie* evidence of the date of issuance. G.S. 1-88.1. Therefore, it is clear that plaintiff instituted an action against defendant Alsop on 5 May 1967, and service of summons on defendant Alsop was completed on 12 May 1967. An action is deemed to be pending from the time it is commenced until its final determination. *McFetters v. McFetters*, 219 N.C. 731, 14 S.E. 2d 833. Except where a discontinuance of a civil action occurs under G.S. 1-96 for failure to perfect service of summons, *Morrison v. Lewis*, 197 N.C. 79, 147 S.E. 729, the final determination is by final judgment. *McDowell v. Blythe Brothers Co.*, 236 N.C. 396, 72 S.E. 2d 860.

[1]  At the time plaintiff filed the complaint on 1 August 1969, original defendant Alsop had not moved to dismiss the action, plaintiff had not taken a voluntary nonsuit, there had been no discontinuance of the action under G.S. 1-96 for failure to perfect service of summons, and the action had not been otherwise determined by final judgment; therefore, the action was pending against original defendant Alsop in the Superior Court of Guilford County when plaintiff filed his complaint and caused it to be served on original defendant Alsop.

[5]  Although the question of the application of statutes of limitation are not raised by this appeal, there was reference to such

application in oral argument and in defendants' brief; and it is obvious that such questions will become involved as this case goes back to the trial division. Therefore, we feel it appropriate to make the following observation. Our holding that the action against original defendant Alsop was pending from 5 May 1967 until 1 August 1969 without complaint having been filed should not be considered as an indication that 5 May 1967 is the date to be used in determining whether plaintiff's actions are barred by the statutes of limitation. The case of *Congleton v. City of Asheboro*, 8 N.C. App. 571, 174 S.E. 2d 870, is controlling on the question of the application of the statute of limitation. In *Congleton* Judge Morris held: "Where plaintiff fails to comply with the statutory provisions relating to such extensions, the date the complaint was filed must be used in determining whether the statute of limitations is applicable."

[6] An order of court further extending the time to file complaint to and including 1 August 1969 was not a prerequisite to filing the complaint on that date where no effort had been previously made to dismiss the action. *Roberts v. Allman*, 106 N.C. 391, 11 S.E. 424.

[1] The theory upon which the Clerk allowed the motion of original defendant Alsop to strike the order for service of complaint and the complaint, and the theory upon which the Judge affirmed the Clerk's order is in error. The motion of original defendant Alsop should have been denied, and the orders of the Clerk and the Judge to the contrary must be reversed.

[7, 8] When plaintiff filed his complaint on 1 August 1969 he caused summons to be issued and served, with copy of the complaint, on each of two new defendants (Pfizer and Roerig). "If necessary parties are absent, they may be brought in by a motion, order, and the service of process." *Short v. Realty Co.*, 262 N.C. 576, 138 S.E. 2d 210. However, plaintiff made no motion, and no order was entered authorizing the additional parties. "From the time of service of the summons, in a civil action, . . . the court is deemed to have acquired jurisdiction, and to have control of all subsequent proceedings." G.S. 1-101. Summons in the 1967 action was served 12 May 1967 and from that date the court had control of the action for purposes of determining whether new parties were to be added. Plaintiff's

Hendrix v. Alsop

action of causing summons and complaint to be served on Pfizer and Roerig was without authority, and the order of Judge Gambill affirming the Clerk's order striking the service of summons and complaint and dismissing the action as to Pfizer and Roerig must be affirmed.

We are not ruling upon the sufficiency of plaintiff's allegations, nor the merits of his claims against Alsop; we are merely ruling that plaintiff was entitled to file his complaint.

The record on appeal in this case covers 149 mimeographed pages. This appears to have been caused primarily because of the inability of counsel to agree upon anything. As can be seen the questions presented on this appeal are relatively concise when all of the irrelevant matter is brushed aside. It seems to us that, if a more cooperative spirit had prevailed between counsel, considerable time and energy on their part and the part of this Court could have been saved. The record and the briefs also contain vilifying remarks of counsel concerning each other. This type of conduct adds nothing to the dignity of the profession and offers no assistance to the cause of their clients.

The order of Judge Gambill entered on 6 January 1970 affirming the order of the Clerk dismissing the action as to Alsop is reversed and this cause is remanded to the Superior Court of Guilford County with directions that the Clerk's order of 16 September 1969 dismissing the action as to defendant Alsop be vacated, and that defendant Alsop be granted time within which to file answer or otherwise plead. That portion of Judge Gambill's order which denies plaintiff's motion for additional time to file complaint is of no effect because the complaint had already been filed.

The order of Judge Gambill entered on 6 January 1970 affirming the order of the Clerk entered 22 September 1969 dismissing this action as to defendants Pfizer and Roerig is affirmed.

We affirm the order entered by Judge Gambill on 6 January 1970 denying plaintiff's motion to vacate the order of Judge Collier which was entered on 20 August 1968.

Affirmed in part.

Reversed and remanded in part.

Judge MORRIS concurs.

Judge GRAHAM concurs in part, and dissents in part.

Judge GRAHAM concurring in part and dissenting in part:

I agree with the opinion of the majority affirming the dismissal of this action as to defendants Pfizer and Roerig and affirming the denial of plaintiff's motion to vacate Judge Collier's order of 20 August 1968. I think the order dismissing the action against Alsop should also be affirmed.

G.S. 1A-1, Rule 3, provides that "[i]f the complaint is not filed within the period specified in the clerk's order, the action shall abate." This rule, effective 1 January 1970, was not in effect at the time the complaint was filed, and I agree with the conclusion of the majority that the action was still pending against Alsop when plaintiff filed his complaint on 1 August 1969. However, the essential question, in my opinion, is not whether the action was still pending at the time the complaint was filed, but whether the trial judge had the authority to allow defendant's motion to strike the complaint on the ground that it had not been filed within the time allowed by law. An amended complaint is subject to being stricken unless filed within the time allowed. *Strickland v. Jackson,* 260 N.C. 190, 132 S.E. 2d 338. Certainly the same rule applies with respect to an original complaint.

It might be suggested that the situation here is parallel to a situation where answer is filed after the expiration of the time allowed. When answer has been filed, even though after time for answering has expired, the clerk is without authority, so long as the answer remains filed of record, to enter judgment by default. *Bailey v. Davis,* 231 N.C. 86, 55 S.E. 2d 919. However, in that case it is stated: "If it [answer] were not filed within the meaning of the law plaintiffs, upon motion so to do, might have had the answer stricken from the record, and, if such motion were allowed, to move then for judgment by default final. This was not done."

Here the motion to strike the complaint was made and was allowed. While the trial judge unquestionably had the discretionary authority to deny defendant's motion to strike the complaint and to extend the time for filing complaint, *Deanes v. Clark,* 261 N.C. 467, 135 S.E. 2d 6, he was not required as a

matter of law to do so. On 16 September 1969, plaintiff moved for an enlargement of the time within which the complaint might be filed up to and including 1 August 1969, and for an order declaring that the complaint filed on 1 August 1969 was filed in apt time. The court, in its discretion, denied this motion and no abuse of discretion has been shown. Likewise, no abuse of discretion has been shown with respect to the court's action in striking the complaint and dismissing the action against Alsop.