H. L. VOLLERS COMPANY, A CORPORATION, v. L. D. TODD, ADMINISTRATOR OF ESTATE OF E. A. TODD.; L. D. TODD, INDIVIDUALLY; A. F. TODD AND ATHALIA (ATHELYE) TODD, AS SURETIES; A. F. TODD AND ATHALIA (ATHELYE) TODD, INDIVIDUALLY; MARY ALMA KERMON, AND COOPERATIVE BUILDING & LOAN ASSOCIATION.

(Filed 15 December, 1937.)

**Pleadings §§ 2, 16—Action to set aside deed as being fraudulent as to creditors held improperly joined with action against grantor's administrator for maladministration of estate.**

The complaint in this action alleged facts constituting a cause of action to set aside a deed as being fraudulent as to creditors, C. S., 1005, which deed was executed by the grantor approximately two years prior to his

death, and a cause of action against the administrator of the grantor and the sureties on his bond for the maladministration of the estate and to surcharge and falsify the final account of the administrator. *Held:* Defendants' demurrers for misjoinder of parties and causes were properly sustained, since the two causes are unrelated and do not arise out of one and the same transaction or series of transactions forming one course of dealing and all tending to one end, and since only the administrator and his sureties are necessary or proper parties in the action for maladministration, and the sureties are neither necessary or proper parties in the action to set aside, even granting the other defendants are necessary or proper parties in that action.

APPEAL by plaintiff from *Pless, J.,* at April Term, 1937, of NEW HANOVER. Affirmed.

This is a civil action instituted by the plaintiff to falsify and surcharge the final account of the defendant administrator and for the maladministration of the estate of E. A. Todd, deceased. The plaintiff also sets out a cause of action under C. S., 1005, and seeks to set aside certain deeds and conveyances as cited in the complaint. The original conveyance attacked was executed by E. A. Todd, the deceased, in 1928, two years prior to his death. The defendants interposed demurrers for that there is a misjoinder of parties and causes of action. The several demurrers were sustained and the action was dismissed. To the judgment entered dismissing the action the plaintiff excepted and appealed.

*McNorton & McIntire for plaintiff, appellant.*

*Robert M. Kermon for defendants, appellees, L. D. Todd, individually; A. F. Todd and wife, Athalia Todd, individually, and Mary Alma Kermon.*

*C. D. Hogue for defendant, appellee, Coöperative Building & Loan Association.*

PER CURIAM. While the complaint does not allege two causes of action, each separate and apart from the other, as required by the Rules of Practice (200 N. C., 826, Rule 20, subsection 2), but alleges all of the facts as if they constituted one cause of action, it in fact states two separate and distinct causes.

1. It alleges that L. D. Todd, administrator of the estate of E. A. Todd, has filed a false final account, has deducted commissions to which he is not entitled, has failed to make a fair and equal distribution of assets of the estate according to the priorities provided by statute, but that on the other hand he has made payments to unsecured creditors without making a ratable payment upon the claim of the plaintiff; and that the said administrator has disposed of the property of the estate to relatives at a grossly inadequate price, and that he has otherwise failed to properly discharge his duties as administrator.

2. The complaint likewise alleges that E. A. Todd (who died in 1930), on 1 December, 1928, executed and delivered a deed to his real estate to his son, Albert F. Todd, and wife, Athalia (Athelye) Todd, and that this conveyance was made without consideration with intent to hinder and delay this plaintiff and his other creditors, and without reserving sufficient property to pay his then existing debts. It then proceeds to allege that thereafter Albert F. Todd and wife conveyed said lands to R. M. Kermon and wife, Annie M. Kermon, trustees; that R. M. Kermon and wife, trustees, leased a portion of said property to the Texas Company; that R. M. Kermon and wife, trustees, and A. F. Todd and wife, and L. D. Todd executed a trust deed to C. D. Hogue, trustee for the Coöperative Building & Loan Association, and that thereafter R. M. Kermon and wife, trustees, conveyed said property to L. D. Todd and A. F. Todd and wife; that later A. F. Todd and wife and L. D. Todd executed a mortgage upon said property to Mary Alma Kermon.

The complaint then further alleges that all of the foregoing conveyances were made with full knowledge that the original conveyance from E. A. Todd was made and executed with the fraudulent intent to hinder and delay his creditors, of whom the plaintiff was then one.

In the first cause of action L. D. Todd, administrator, and A. F. Todd and Athalia (Athelye) Todd, as sureties upon the administrator's bond, are the only necessary and proper parties. The other defendants herein have no interest in said controversy and are improper parties as to said cause of action. As to the second cause of action, all of the defendants except the sureties upon the administrator's bond are, perhaps, necessary and proper parties.

The two causes of action are unrelated and the facts alleged do not state one cause of action arising out of one and the same transaction, or a series of transactions forming one course of dealing and all tending to one end. The allegations do not constitute one connected story, which can be told as a whole. The deed of E. A. Todd dated in 1928 was executed approximately two years prior to his death. That and succeeding transactions in respect to said land alleged in the complaint are entirely distinct and wholly unconnected with any acts of maladministration or *devastavit* on the part of the administrator of the estate of E. A. Todd. *Leach v. Page,* 211 N. C., 622; *Bank v. Jones,* 211 N. C., 317; *Barkley v. Realty Co.,* 211 N. C., 540; and *Daniels v. Duck Island, ante,* 90, and cases cited, are not in point. This case falls within the line of decisions represented by *Pearson v. Westbrook,* 206 N. C., 910, and cases there cited.

There is a misjoinder of parties and causes of action, and the demurrers interposed by the several defendants were properly sustained. The judgment below is

Affirmed.