HIRAM THOMAS SELLERS v. MOTORS INSURANCE CORPORATION; YELLOW MANUFACTURERS ACCEPTANCE CORPORATION; AND L. H. KNIGHT, SR., AND L. H. KNIGHT, JR., TRADING AND DOING BUSINESS AS MOTOR TRUCK SALES & SERVICE.

(Filed 9 May, 1951.)

**Pleadings §§ 2, 19b—**

Where one of the causes alleged in favor of plaintiff is solely against one of several defendants, demurrer for misjoinder of parties and causes must be sustained and the action dismissed. G.S. 1-69, G.S. 1-71, G.S. 1-123 (1) ; G.S. 1-132.

APPEAL by defendants, Motor Insurance Corporation, and L. H. Knight, Sr., and L. H. Knight, Jr., Trading and Doing Business as Motor Truck Sales & Service, from *Burney, J.,* resident judge of the Eighth Judicial District, at Chambers, by consent, 10 March, 1951, of BRUNSWICK.

Civil action to recover various amounts in accordance with allegations of the complaint in respect to matters growing out of the purchase, the financing and the insuring of a motor truck, on 23 August, 1948, which plaintiff alleged was destroyed by fire on 16 November, 1948.

And in eleventh paragraph of the complaint it is alleged "that in addition to the above amounts the defendant Motors Insurance Corporation is indebted to the plaintiff in the sum of $103.38, representing the return premium on a previous policy of insurance which the plaintiff had on another truck with the same defendant, Motors Insurance Corporation, and which said defendant has failed and refused to pay to this plaintiff."

Judgment as to this $103.38 is only sought against Motors Insurance Corporation.

The defendants, Motors Insurance Corporation, and L. H. Knight, Sr., and L. H. Knight, Jr., Trading and Doing Business as Motor Truck Sales & Service, filed separate demurrers to the complaint on the ground of misjoinder of parties and causes of action in respect to the $103.38 and in other respects. The demurrers were overruled, and they appeal to Supreme Court and assign error.

*John D. Bellamy & Sons and Frink & Herring for plaintiff, appellee.*
*Murray G. James and Frank H. Kennedy for defendant, Motors Insurance Company, appellant.*
*John M. Walker for defendants, L. H. Knight, Sr., and L. H. Knight, Jr., Trading and Doing Business as Motor Truck Sales & Service.*

WINBORNE, J. "All persons may be made defendants, jointly, severally, or in the alternative, who have, or claim, an interest in the contro-

versy adverse to the plaintiff, or who are necessary parties to a complete determination or settlement of the questions involved." G.S. 1-69.

Also, "persons severally liable upon the same obligation . . . may all or any of them be included in the same action at the option of the plaintiff." G.S. 1-71.

Moreover, the plaintiff may unite in the same complaint several causes of action, of legal or equitable nature, or both, where they all arise out of the same transaction, or transaction connected with the same subject of action. G.S. 1-123 (1).

In the light of these statutes a demurrer should be sustained where there is a misjoinder of both parties and causes of action, and "the court is not authorized in such cases to direct a severance of the respective causes of action for trial under the provisions of G.S. 1-132," in the language of *Denny, J.,* in *Teague v. Oil Co.,* 232 N.C. 65, 59 S.E. 2d 2, citing in support thereof numerous cases.

In the present action the plaintiff and defendant Motors Insurance Corporation are the only parties to the controversy as to the item of $103.38. No allegation in respect thereto is made against the other defendants. Manifestly, therefore, as to this item there is a misjoinder of parties and of causes of action. See *Utilities Comm. v. Johnson, ante,* 588.

And since the demurrer must be sustained and the action dismissed, it is unnecessary that other grounds on which the demurrers are based be considered.

Therefore, for the reasons stated, the order from which appeal is taken is

Reversed.