C. T. GAINES AND J. C. KIRKMAN v. ATLAS PLYWOOD CORPORATION AND GEORGIA-PACIFIC CORPORATION.

(Filed 12 October, 1960.)

1. Pleadings § 18—

  The joinder by plaintiffs of a cause of action against one defendant to remove cloud from title and against such defendant's grantor to recover for the wrongful cutting and removal of trees from the land some several years prior to the execution of the deed, constitutes a misjoinder of parties and causes of action, and in such instance the court has no authority to direct a severance of the respective causes of action, but is required to dismiss the action in its entirety upon demurrer. G.S. 1-132.

2. Pleadings § 3—

  Statutory provisions as to what causes of action may be joined in the complaint are mandatory and not directory. G.S. 1-123.

APPEAL by defendants from *Morris, J.*, at February Civil Term, 1960, of WASHINGTON.

Civil action instituted in the Superior Court of Washington County by the plaintiffs, C. T. Gaines and J. C. Kirkman, against the defendants, Atlas Plywood Corporation and Georgia-Pacific Corporation.

Two causes of action are stated in the complaint as amended by leave of the Court.

The first cause of action is for the removal of a cloud upon the plaintiffs' alleged title to certain land. The complaint alleges that defendant Atlas Plywood Corporation conveyed the land to Georgia-Pacific Corporation in June of 1959, and that Georgia- Pacific Corporation now claims title to the land and that such claim is a cloud upon plaintiffs' title.

The second cause of action is to recover from Atlas Plywood Corporation alone $6,400 for the alleged wrongful cutting and removal of trees from the land in question in the summer of 1957, two years prior to the conveyance of the land from Atlas Plywood Corporation to Georgia-Pacific Corporation.

In apt time the defendants filed a joint demurrer to the complaint on the ground that there was a misjoinder of both parties and causes of action.

The court sustained the demurrer and dismissed the action as to the cause of action alleging trover and conversion. But the court overruled the demurrer as to the cause of action to remove cloud upon plaintiffs' title, and refused to dismiss same.

The defendants duly excepted to the overruling of the demurrer as to the cause of action for removal of cloud from title and gave notice of appeal, and appeals to Supreme Court, and assigns error.

*Norman & Rodman for plaintiff appellees.*

*Bailey & Bailey for Atlas Plywood Corporation, appellant.*

*Battle, Wislow, Merrell, Scott & Wiley for Georgia-Pacific Corporation, appellant.*

WINBORNE, C. J.  The only assignment of error on this appeal is based upon an exception to the ruling of the trial judge in refusing to dismiss the action in its entirety. In the light of well established principle of law in this State, the challenge by the exception is well taken.

The defendants contend, and this Court holds properly so, that their demurrer should have been sustained and the action dismissed in its entirety on the ground that it appears upon the face of the complaint that there is a misjoinder both of parties and of causes of action. In support of this contention the defendants point out that Georgia-Pacific Corporation is in no way interested in the alleged cause of action for the conversion of the timber in 1957.

Indeed in *Teague v. Oil Co.*, 232 N.C. 65, 59 S.E. 2d 2, opinion by *Denny, J.*, this Court, in keeping with long line of decisions, reiterated that "A demurrer should be sustained where there is a mis-

joinder of parties and causes of action, and the Court is not authorized in such cases, to direct a severance of the respective causes of action for trial under the provisions of G.S. 1-132." See cases there cited.

Moreover, in *Bank v. Angelo*, 193 N.C. 576, 137 S.E. 705, this Court, in opinion by *Stacy, C. J.*, declared that "It is well settled that where there is a misjoinder, both of parties and causes of action, and a demurrer is interposed upon this ground, the demurrer should be sustained and the action dismissed." To like effect are these cases: *Thigpen v. Cotton Mills*, 151 N.C. 97, 65 S.E. 750; *Roberts v. Mfg. Co.*, 181 N.C. 204, 106 S.E. 664; *Shore v. Holt*, 185 N.C. 312, 117 S.E. 165; *Robinson v. Williams*, 189 N.C. 256, 126 S.E. 621; *Erickson v. Starling*, 233 N.C. 539, 64 S.E. 2d 832; *Sellers v. Ins. Co.*, 233 N.C. 590, 65 S.E. 2d 21.

Furthermore, this Court has held that the provisions of G.S. 1-123, as to what causes of action may be joined in the complaint, are mandatory and not directory. *Eller v. R. R.*, 140 N.C. 140, 52 S.E. 305.

For reason stated the action will be dismissed.

Action dismissed.