BANNISTER & SONS, INC. AND MOULTRIE LIVESTOCK. COMPANY v. JACOB C. WILLIAMS, D/B/A WASHINGTON HOG MARKET AND BANK OF WASHINGTON.

AND

H. F. BURCH & C. B. MAYER D/B/A MILAN STOCK YARD v. JACOB C. WILLIAMS, D/B/A WASHINGTON HOG MARKET AND BANK OF WASHINGTON.

AND

JOHN W. SALTER, JR. AND McTYIER SALTER D/B/A DAWSON LIVE-STOCK CO. v. JACOB C. WILLIAMS D/B/A WASHINGTON HOG MARKET AND BANK OF WASHINGTON.

AND

TURNER COUNTY STOCK YARDS, INC. v. JACOB C. WILLIAMS, D/B/A WASHINGTON HOG MARKET AND BANK OF WASHINGTON.

AND

H. T. TROUP AND J. W. HUDSON CO., PTRS., D/B/A HUDSON-TROUP AUCTIONS v. JACOB C. WILLIAMS, D/B/A WASHINGTON HOG MARKET AND BANK OF WASHINGTON.

(Filed 8 April, 1964.)

**1. Pleadings § 3—**

> An action against the drawer of a dishonored draft to recover the purchase price of goods for which the draft had been given may not be joined with an action against the bank for its negligent failure to follow instructions to present the draft for payment promptly and give notice of dishonor.

**2. Pleadings § 2—**

> Where plaintiff brings suit on two causes of action, each must be separately stated. G.S. 1-123, Rule of Practice in the Supreme Court No. 20(2).

**3. Pleadings § 18—**

> Where there is misjoinder of parties and causes of action, the action must be dismissed upon demurrer. G.S. 1-132.

**4. Same—**

> The filing of an answer waives the right to demur for misjoinder of parties and causes of action.

RODMAN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Peel, J.,* September 1963 Civil Session of BEAUFORT.

These five cases were heard together in the Superior Court and consolidated for the purpose of this appeal. Each was instituted by a different plaintiff against Jacob C. Williams, doing business as Washington Hog Market, and Bank of Washington to recover on drafts drawn by plaintiff on Williams. Except as to the number of drafts,

the date and amount of each, the allegations in all complaints are identical and are as follows:

Plaintiff, a livestock dealer, sold a quantity of hogs to defendant Williams and shortly thereafter drew sight drafts on Williams for the purchase price which were sent to the Bank of Washington for collection. Williams failed to pay the drafts and the Bank, negligently and in disregard of specific instructions, held them for an unreasonable period of time, without notifying plaintiff any draft had been dishonored. As a result of this delay plaintiff lost the opportunity to collect the debts represented by the drafts from other sources. Therefore, plaintiff has been damaged in a sum equal to the face amount of said drafts plus interest. The prayer is that plaintiff have judgment against each of the defendants jointly and severally in the amount of the drafts.

Defendant Williams filed an answer to each complaint. Defendant Bank demurred to each complaint and moved that the actions be dismissed for that, *inter alia:*

> ". . . (T)here is a misjoinder of causes of action and parties defendant in that plaintiffs have attempted to unite in one action an alleged cause of action against defendant Jacob C. Williams on contract for the purchase price of the hogs alleged to have been purchased by him from plaintiffs with an alleged cause of action in tort against defendant Bank of Washington for damages on account of its alleged negligence in the handling of drafts drawn by plaintiff, . . . on Washington Hog Market for the purchase price of said hogs."

His Honor sustained the Bank's demurrer to each of the five complaints and from the judgments dismissing the actions plaintiffs appeal.

*Marshall Ewing, J. C. McDonald and Bryan Grimes for plaintiff appellants.*

*Rodman and Rodman for Bank of Washington defendant appellee.*

SHARP, J. In each complaint the plaintiff has joined a cause of action in contract for the purchase price of goods sold the defendant Williams with a cause of action against the defendant Bank for its alleged negligence in handling the draft drawn by plaintiff on Williams for the price of the goods. They have, therefore, clearly attempted to set up separate and distinct causes of action which do not affect all the defendants as contemplated by G.S. 1-123. *Williams v. Gooch,* 206 N.C. 330, 173 S.E. 342. The Bank was not a party to Williams' purchase of the hogs from plaintiffs, and upon no theory can it be held

*jointly* liable with plaintiff for their purchase price. On the other hand, if it be conceded that Williams owes each plaintiff the drafts in suit, their actions against the Bank for its negligence in failing to collect the drafts in no way affect him. Moreover the measure of damages in the two actions is not the same. Of course, if it should be determined that Williams never purchased any hogs from the plaintiffs and owed them nothing, plaintiffs could not recover from the Bank for its failure to collect a nonexisting obligation; but the fact that Williams might become liable to the Bank should one of the plaintiffs recover against it for its negligence in handling the draft does not affect the question here.

Furthermore, the plaintiffs have commingled their causes of action in one statement in the complaint instead of stating them separately as required by G.S. 1-123 and N.C. Sup. Ct. R. 20(2). *Tart v. Byrne,* 243 N.C. 409, 90 S.E. 2d 692; *Heath v. Kirkman,* 240 N.C. 303, 82 S.E. 2d 104.

Under our practice "a misjoinder of parties and causes of action constitutes a fatal defect. A severance is not permissible." *Shaw v. Barnard,* 229 N.C. 713, 51 S.E. 2d 295; *Moore County v. Burns,* 224 N.C. 700, 32 S.E. 2d 225. In other words, "the Court is not authorized in such cases, to direct a severance of the respective causes of action for trial under the provisions of G.S. 1-132." The action must be dismissed. *Gaines v. Plywood Corporation,* 253 N.C. 191, 116 S.E. 2d 427; *Tart v. Byrne, supra; Sellers v. Insurance Corp.,* 233 N.C. 590, 65 S.E. 2d 21; *Teague v. Oil Co.,* 232 N.C. 469, 61 S.E. 2d 345.

The ruling of the court below sustaining the Bank's demurrer and dismissing the action as to the Bank of Washington must be upheld. However, the judge also dismissed the actions as to Williams and this was error. Williams elected to answer rather than to demur. By so doing he waived his right to demur for a misjoinder of parties and causes. G.S. 1-134; *Teague v. Oil Co.,* 232 N.C. 65, 59 S.E. 2d 2.

The plaintiffs may move in the Superior Court to amend their repective complaints in order to eliminate the irrelevant allegations as to the Bank. In the absence of such a motion, the court can, *ex mero motu,* require the proper amendments. *Bowling v. Burton,* 101 N.C. 176, 7 S.E. 701; 41 Am. Jur., *Pleading* § 290.

As to defendant Bank of Washington

Affirmed.

As to defendant Jacob C. Williams

Reversed.

RODMAN, J., took no part in the consideration or decision of this case.