RUTH P. KEARNS AND CLEO P. GREEN v. RICHARD W. PRIMM, ADMINIS-
TRATOR OF ARCHIE A. PRIMM, DECEASED, RICHARD W. PRIMM, IN-
DIVIDUALLY, DOGWOOD HOSIERY COMPANY, AND MARIE WRIGHT.

(Filed 15 January, 1965.)

1. **Pleadings § 2—**
    Separate causes of action set up in the complaint should be separately
    stated, and when the complaint does not do so it is subject to demurrer.
    G.S. 1-123. Rule of Practice in the Supreme Court No. 20(2).

2. **Pleadings § 18—**
    Where there is a misjoinder of parties and causes of action, demurrer
    to the complaint on this ground requires dismissal.

3. **Pleadings § 2—**
    A complaint should contain, *inter alia*, a demand for the relief to which
    plaintiff supposes himself to be entitled. G.S. 1-122(3).

4. **Dissent and Distribution § 1—**
    Title to the personal estate of an intestate, except for such portion as
    may be allotted as allowance for a year's support, vests in the adminis-
    trator.

5. **Executors and Administrators § 36—**
    An action to surcharge and falsify the account of the administrator for
    his alleged failure to account for designated personal assets of the estate
    is a proper subject of action under G.S. 28-147.

6. **Dissent and Distribution § 1—**
    Title to the realty of an estate of an intestate vests in his heirs and not
    his personal representative.

7. **Executors and Administrators § 36;    Pleadings § 3—**
    Actions against the administrator to surcharge and falsify his account
    for maladministration and failure to account for personal assets of the
    estate are properly brought against the administrator individually and in
    his representative capacity with joinder of the beneficiaries of the estate,
    but such actions are improperly joined with an action required to be as-
    serted against the administrator individually for obtaining title to realty
    of the estate for an inadequate price pursuant to alleged conspiracy in
    connection with the sale of the realty by the commissioner, and the action
    should be dismissed upon demurrer for misjoinder of parties and causes.

APPEALS by defendants from *Olive, Emergency Judge,* March 9,
1964, Civil Session of DAVIDSON.

Each of the four defendants demurred separately to the complaint
and moved to dismiss on the ground of misjoinder of parties and causes
of action. The hearing below was on said demurrers.

Plaintiffs, as background, alleged the following facts:

Plaintiffs and all individual defendants are citizens and residents of Davidson County. Defendant Dogwood Hosiery Company (Dogwood) is a North Carolina corporation with principal office and manufacturing plant in Thomasville.

Archie A. Primm, a citizen and resident of Davidson County, died intestate July 19, 1959; and on July 29, 1959, defendant Richard W. Primm was appointed and qualified as administrator of the estate of Archie A. Primm.

The persons who are heirs of the real property of Archie A. Primm and are entitled to his personal estate are: (1) plaintiff Ruth P. Kearns, a daughter, one-fifth; (2) plaintiff Cleo P. Green, a daughter, one-fifth; (3) A. M. Primm, a son, one-fifth; (4) Gilbert P. Welch a daughter, one-fifth; and (5) defendant Richard W. Primm, a son, one-fifth.

Archie A. Primm, at the time of his death, owned 37½ shares of Dogwood stock and 1500 shares of Dyers, Inc. (Dyers) stock, which, with other personal property, came into the hands of defendant administrator.

Archie A. Primm died seized and possessed of a tract of land in Thomasville Township, Davidson County, consisting of 17.38 acres.

When Archie A. Primm died, a building he owned, located on the portion of said tract shown on the map referred to below as Lots Nos. 19 and 20, was leased to and occupied by Dogwood and by Dyers; and Dogwood and Dyers were paying a monthly rental of $800.00 therefor.

For many years prior to the death of Archie A. Primm, said Archie A. Primm, and defendant Richard W. Primm, and defendant Marie Wright, were the principal stockholders and officers of defendant Dogwood and of Dyers. Defendant Richard W. Primm, as general manager, was in charge of the operation of these corporations.

Although not stated separately, the causes of action plaintiffs purport to allege are, in brief summary, the following:

1. Defendant Primm, prior to his appointment, persuaded plaintiffs, by means of false representations, to sign a statement authorizing the administrator to transfer to Dogwood, without consideration, the 37½ shares of Dogwood stock. The fair value thereof was "at least $50,000."

2. Defendant Primm, while acting as administrator, persuaded plaintiffs, by means of false representations, to sign an agreement authorizing the sale and transfer of the 1500 shares of Dyers stock to himself for $5,250.00. The fair market value thereof was "at least $11,000."

3.   Defendant Primm, as administrator, paid $3,250.00 of the estate's funds to Marie Wright notwithstanding she had no valid claim therefor.

4.   In a special proceeding entitled *"Gilbert P. Welch and husband, J. Arthur Welch, Petitioners v.. Ruth P. Kearns and husband, Austin F. Kearns, A. M. Primm and wife, Sarah M. Primm, Cleo P. Green and husband, Walter Green, and Richard W. Primm and wife, Gertrude B. Primm, Defendants,"* the clerk, on October 27, 1961, appointed M. E. Gilliam as commissioner to subdivide and sell the 17.38-acre tract. The tract was subdivided into twenty lots as shown on recorded map of the "A. A. Primm Estate Subdivision," and these lots were sold by the commissioner. Defendant Primm and M. E. Gilliam, the commissioner, unlawfully conspired to depreciate the value of said lands of said heirs, particularly the portion thereof leased to Dogwood and to Dyers, namely, Lots Nos. 19 and 20 as shown on said map. In furtherance of said conspiracy, without notice to plaintiffs, defendant Primm and M. E. Gilliam, the commissioner, obtained an order from said clerk "excluding the sale of (the) electrical wiring and permanent plumbing fixtures from the sale of said Lots Nos. 19 and 20." The commissioner sold Lots Nos. 19 and 20, which had "a fair market value of $36,400, or more," for $26,400.00; and, in furtherance of said conspiracy, defendant Primm, through agents, "ultimately purchased" Lots Nos. 19 and 20 for $26,400.00.

Plaintiffs' further allegations, in substance, are as follows: On February 14, 1962, defendant Primm, as administrator, filed a purported final account showing he had paid or delivered to each distributee, including plaintiffs, (1) a check for $67.47, (2) 25 shares of Sun Oil Company stock, and (3) 4 shares of State Commercial Bank stock, as a final distribution. On March 2, 1962, plaintiffs returned the checks and advised the administrator they would not accept same "unless he made proper and ample restitution for the true value of properties converted to his own use and to the use of corporations in which he was an officer and stockholder, and of the funds unlawfully paid out to Marie Wright," and that "proper action would be instituted against him." Defendant Primm has not been discharged and released as administrator by said clerk. The purported final account "should be lawfully surcharged and falsified, and . . . a reference . . . had to state a just and correct account as authorized and provided for by G.S. 28-147."

Plaintiffs prayed (a) that the court "appoint a referee . . . with the authority to conduct hearings, examine and subpoena witnesses,

take evidence, . . . investigate and lawfully determine all matters complained of herein, and make a report of his findings to this Court as provided by law," and (b) "(f)or such other and further relief as these plaintiffs may be entitled."

From a judgment overruling said demurrers, each defendant excepted and appealed.

*W. H. Steed for plaintiff appellees.*
*Russell F. Van Landingham and Walser, Brinkley, Walser & McGirt for defendant appellants.*

BOBBITT, J. Plaintiffs' allegations concern separate and distinct subjects, namely, (1) the Dogwood stock, (2) the Dyers stock, (3) the Marie Wright claim, and (4) Lots Nos. 19 and 20 of the "A. A. Primm Estate Subdivision." Plaintiffs did not state separately the cause of action relating to each of these subjects as required by G.S. 1-123 and by Rule 20(2), Rules of Practice in the Supreme Court, 254 N.C. 783, 802. Hence, the complaint was subject to demurrer on the ground plaintiffs "improperly united" several causes of action. G.S. 1-127(5); G.S. 1-123; *Heath v. Kirkman,* 240 N.C. 303, 306, 82 S.E. 2d 104; *Tart v. Byrne,* 243 N.C. 409, 412, 90 S.E. 2d 692.

Here, misjoinder of parties *and* causes of action is the sole ground of demurrer. G.S. 1-123, after setting out the several causes of action "(t)he plaintiff may unite in the same complaint," provides: "But the causes of action so united must all belong to one of these classes, and, except in actions for the foreclosure of mortgages, must affect all the parties to the action, and not require different places of trial, and must be separately stated." Where there is a misjoinder of parties and causes of action, the action should be dismissed. *Bannister & Sons v. Williams,* 261 N.C. 586 135 S.E. 2d 572, and cases cited; *Vollers Co. v. Todd,* 212 N.C. 677, 194 S.E. 84; *Lucas v. Bank,* 206 N.C. 909, 174 S.E. 301.

No demurrer asserts plaintiffs have failed, in respect of any subject of action, to allege facts sufficient to constitute a cause of action. Hence, consideration is limited to whether there is a misjoinder of parties and purported causes of action.

A complaint must contain, *inter alia,* "(a) demand for the relief to which the plaintiff supposes himself entitled." G.S. 1-122(3). What, if anything, plaintiffs seek to recover from Dogwood or from Marie Wright is unclear. Plaintiffs assert their action was instituted under G.S. 28-147.

G.S. 28-147 authorizes actions in the superior court in the nature of bills in equity to surcharge and falsify the accounts of administrators.

*Rudisill v. Hoyle,* 254 N.C. 33, 39, 118 S.E. 2d 145, and cases cited. Such action may be instituted by creditors, *State v. McCanless,* 193 N.C. 200, 136 S.E. 371, or by legatees, *Thigpen v. Trust Co.,* 203 N.C. 291, 165 S.E. 720; *Davis v. Singleton,* 259 N.C. 148, 130 S.E. 2d 10, or by distributees, *Leach v. Page,* 211 N.C. 622, 191 S.E. 349. Where the action is for maladministration of the estate of an intestate, the administrator and the sureties on his bond are necessary and proper parties, *Vollers Co. v. Todd, supra.* All persons, creditors, beneficiaries or others, interested in the settlement of the estate, are proper parties and may be necessary parties. *Davis v. Davis,* 246 N.C. 307, 309-310, 98 S.E. 2d 318; *Rudisill v. Hoyle, supra,* p. 42.

The title to the personal estate of an intestate, except the portion thereof allotted as allowances for a year's support, vests in the administrator. *Sales Co. v. Weston,* 245 N.C. 621, 627, 97 S.E. 2d 267, and cases cited. According to plaintiffs' allegations, the personal estate of Archie A. Primm included the Dogwood stock, the Dyers stock and the funds (or assets from which derived) disbursed to Marie Wright; and title to the assets comprising said personal estate vested in defendant Primm as administrator. Consequently, an alleged failure of the administrator to account for these personal assets would seem the proper subject of an action under G.S. 28-147. Undoubtedly, defendant Primm is a necessary and proper party to such action in his capacity as administrator *and* individually. In view of the ground of decision, it is unnecessary to determine whether the joinder of Dogwood and Marie Wright as parties defendant in such action gave rise to a misjoinder of parties and causes of action; and, since the factual allegations are meager and unclear as to the precise nature of the purported causes of action relating to the Dogwood stock and the Marie Wright claim, we deem it inappropriate to attempt to resolve that question.

The only defendant involved in the cause of action based on the alleged conspiracy in connection with the sale by the commissioner of Lots Nos. 19 and 20, is defendant Primm, individually. Upon the death, intestate, of the owner, title to his realty vests in his heirs. *Griffin v. Turner,* 248 N.C. 678, 104 S.E. 2d 829. The facts alleged do not show any legal duty of defendant Primm in his capacity as administrator in connection with the intestate's realty. Indeed, plaintiffs' allegations negative the existence of such duty, indicating (1) the realty was sold in a partition sale proceeding to which the administrator was not a party, and (2) the availability of personal assets for distribution to the beneficiaries. Hence, defendant Primm, in his capacity as administrator, was not a necessary or proper party, and *a fortiori* Dogwood and Marie Wright were not necessary or proper parties, to the plaintiffs'

cause of action with reference to the loss sustained by the heirs in consequence of the alleged conspiracy relating to the sale of Lots Nos. 19 and 20.

Assuming, but not conceding, there was no misjoinder of parties and causes of action with reference to the Dogwood stock, the Dyer stock and the Marie Wright claim, the attempted joinder of these three causes of action with the cause of action based on the loss sustained by the heirs in consequence of said alleged conspiracy does constitute a misjoinder of parties and of causes of action, and on account thereof the demurrers should have been sustained and the action dismissed. Consequently, the judgment of the court below is reversed.

Reversed.