DR. C. R. MONROE v. MIRIAM LUCILLE DIETENHOFFER, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF HERBERT J. DIETENHOFFER, DECEASED, AND CAROLINA BANK.

(Filed 2 June, 1965.)

**1. Pleadings § 21.1—**

If separate causes are not separately stated in the complaint, demurrer must be sustained without prejudice to plaintiff's right to move for leave to amend, G.S. 1-131, but if there is a misjoinder of parties and causes of action the action should be dismissed as to the demurring defendant.

**2. Executors and Administrators § 18—**

Allegations that plaintiff paid a securities dealer a stated sum for particular stock and that the dealer failed to purchase and deliver the stock prior to his death, states a cause of action against the estate of the dealer *ex contractu* based on matters occurring prior to the dealer's death and determinable as of that time.

**3. Executors and Administrators § 22—**

Allegations that the personal representative, after the death of her testator and prior to her qualification, paid claims which exhausted the assets of the estate so that there was not sufficient funds to pay anything on plaintiff's claim of the same priority, states a cause of action against the personal representative in her individual capacity for wrongful intermeddling and misapplication of assets, and she is a proper party in her representative capacity only because any recovery would go to her in that capacity for administration.

**4. Banks and Banking § 10;    Executors and Administrators § 6—**

The relationship between a bank and a depositor is that of debtor and creditor, and, upon the death of the depositor, title to the account vests in the depositor's personal representative for collection and administration, and the bank is under duty to see that payment of the deposit is made to the duly appointed legal representative of the deceased depositor, G.S. 28-172, and the bank's payment otherwise does not discharge the bank's liability to the estate.

**5. Same; Pleadings § 18— Demurrer for misjoinder of parties and causes held properly sustained.**

Plaintiff, alleging *ex contractu* claim against the estate, sued the personal representative of the estate in her individual and representative capacities, and sued the bank in which testator had an account at the time of his death, alleging that the personal representative, prior to her appointment, wrongfully depleated the assets of the estate, leaving nothing for any payment on plaintiff's claim, and that the bank, with knowledge of testator's death, wrongfully paid the checks on the account which were not drawn by the duly appointed legal representative of the estate. *Held:* Demurrer of the bank for misjoinder of parties and causes of action was properly sustained, since the personal representative in her individual capacity is not a necessary or proper party to the claim against the bank. G.S. 1-123(1).

APPEAL by plaintiff from *Crissman, J.,* September 1964 Civil Session of MOORE.

The hearing below was on the amended demurrer of defendant bank to the amended complaint.

Plaintiff instituted this action against Miriam Lucille Dietenhoffer (Mrs. Dietenhoffer), individually, and also in her capacity as executrix of the estate of Herbert J. Dietenhoffer (Dietenhoffer), deceased, and Carolina Bank, a North Carolina banking corporation.

The allegations of the complaint, apart from those relating to the identity and residence of the parties, are summarized below.

Dietenhoffer, prior to his death on December 20, 1959, operated as a sole proprietorship under the name of Dietenhoffer and Heartfield a business in which he purchased investment securities for plaintiff and other customers. In October 1959 plaintiff ordered one thousand shares of N. C. Telephone Company stock and paid Dietenhoffer the purchase price of $1,640.00 therefor but none of said stock was delivered by Dietenhoffer to plaintiff.

Mrs. Dietenhoffer, after the death of Dietenhoffer and prior to her qualification on February 9, 1960 as executrix of his estate, continued to operate said business. During this period, Mrs. Dietenhoffer paid $14,109.80 of the funds of the deceased to purchase stocks certain customers (other than plaintiff) had ordered and paid for but which had not been delivered to them by Dietenhoffer. These customers and plaintiff were in the same order of preference in respect of their claims against the estate. In addition, Mrs. Dietenhoffer paid $3,491.59 of the funds of the deceased to other unsecured creditors of his estate.

The estate of Dietenhoffer is insolvent. On account of said unauthorized and preferential payments of $17,601.39, the assets of the estate are not sufficient to pay any sum on plaintiff's claim against the estate. If the $17,601.39 were restored, the estate would have sufficient assets

to pay a substantial amount on plaintiff's claim against the estate. Mrs. Dietenhoffer has refused plaintiff's demand that she, in her capacity as executrix, bring an action against herself, individually, to recover the amount ($17,601.39) of her unauthorized and preferential payments from funds of the estate of Dietenhoffer.

The officers and employees of the Carolina Bank in Pinehurst were personally acquainted with Dietenhoffer. They knew he conducted the business of Dietenhoffer and Heartfield as a sole proprietorship and that he deposited "practically all" of his personal funds and the funds of said sole proprietorship in said bank.

Notwithstanding the officers and employees of said bank were fully advised of the death of Dietenhoffer on December 20, 1959, they negligently continued to honor checks drawn on his account and on the account of said sole proprietorship. The checks so honored were signed, without lawful authority, by persons other than Dietenhoffer. Also, said bank, after it had knowledge of the death of Dietenhoffer, negligently allowed Mrs. Dietenhoffer to open a special account in the name of "Dietenhoffer and Heartfield" and to deposit therein checks drawn to the order of said sole proprietorship of Dietenhoffer and Heartfield, and thereafter negligently permitted Mrs. Dietenhoffer prior to her qualification as executrix to draw checks on said special account. The said conduct of said bank enabled Mrs. Dietenhoffer to make said unauthorized and preferential payments to common creditors other than plaintiff and thereby deplete the assets to such extent that plaintiff is unable to recover any sum on his claim against the estate of Dietenhoffer.

Mrs. Dietenhoffer has refused plaintiff's demand that she, in her capacity as executrix, bring an action against the Carolina Bank to recover for the estate of Dietenhoffer for its said unauthorized and unlawful payment of checks drawn on funds belonging to said estate.

Plaintiff is entitled to a judgment against the defendants jointly and severally requiring that they pay to the estate of Dietenhoffer such sum(s) as will enable plaintiff to recover from said estate the exact amount plaintiff would have received if said unlawful preferences had not been made, to wit, $17,601.39.

Plaintiff prays "(t)hat the estate of Herbert J. Dietenhoffer recover of the defendants jointly and severally the sum of $17,601.39 and that the executrix of said estate be required to pay to plaintiff the sum of money which he would have received but for the unlawful preferences of other common creditors."

Defendant Carolina Bank demurred to the amended complaint on these grounds: (1) misjoinder of parties and causes of action; and (2) plaintiff's failure to state separately his alleged causes of action.

The court sustained the demurrer and, as to defendant Carolina Bank, dismissed the action. Plaintiff excepted and appealed.

*Wilson, Bain & Bowen for plaintiff appellant.*
*Boyette & Brogden for defendant appellee Carolina Bank.*

BOBBITT, J. Plaintiff's allegations relate to: (1) his alleged claim against the estate of Dietenhoffer; (2) his alleged claim against Mrs. Dietenhoffer, individually, on account of her unlawful use of funds of the deceased; and (3) his alleged claim against Carolina Bank because (a) it honored checks, signed by (unauthorized) persons other than Dietenhoffer, drawn on funds on deposit to the credit of Dietenhoffer and of Dietenhoffer and Heartfield at the time of Dietenhoffer's death, and (b) it honored checks drawn on funds deposited in a special account, "Dietenhoffer and Heartfield," which was opened by Mrs. Dietenhoffer and in which deposits were made after the death of Dietenhoffer.

The complaint is subject to demurrer on the ground plaintiff "improperly united" several causes of action. G.S. 1-127(5); G.S. 1-123; Rule 20(2), Rules of Practice in the Supreme Court, 254 N.C. 783, 802; *Heath v. Kirkman,* 240 N.C. 303, 306, 82 S.E. 2d 104; *Tart v. Byrne,* 243 N.C. 409, 412, 90 S.E. 2d 692; *Bannister & Sons v. Williams,* 261 N.C. 586, 588, 135 S.E. 2d 572; *Kearns v. Primm,* 263 N.C. 423, 426, 139 S.E. 2d 697. However, sustaining the demurrer on this ground would be without prejudice to plaintiff's right under G.S. 1-131 to move for leave to amend his complaint so as to state separately his alleged causes of action. On the other hand, if there is a misjoinder of parties and causes of action, the action as to Carolina Bank was properly dismissed. *Kearns v. Primm, supra; Bannister & Sons v. Williams, supra,* and cases cited; *Vollers Co. v. Todd,* 212 N.C. 677, 194 S.E. 84; *Lucas v. Bank,* 206 N.C. 909, 174 S.E. 301.

Plaintiff's alleged cause of action (claim for $1,640.00) against the estate of Dietenhoffer is based on what occurred prior to Dietenhoffer's death and is determinable as of the time thereof. It is based on Dietenhoffer's receipt of plaintiff's $1,640.00 and his failure, in breach of his contractual obligations, to purchase for and deliver to plaintiff one thousand shares of N. C. Telephone Company stock.

The alleged cause of action against Mrs. Dietenhoffer, individually, is based entirely on transactions alleged to have occurred after the death of Dietenhoffer on December 20, 1959, and before the qualification of Mrs. Dietenhoffer as executrix of his estate on February 9, 1960. The sole basis upon which Mrs. Dietenhoffer, in her capacity as executrix, may be considered a proper party to this alleged cause of action

and to the alleged cause of action against Carolina Bank is the fact that any recovery would pass to the personal representative of Dietenhoffer's estate for administration in accordance with law, not to the plaintiff. *Spivey v. Godfrey,* 258 N.C. 676, 129 S.E. 2d 253, and cases cited.

Before considering further the alleged causes of action against Mrs. Dietenhoffer, individually, and against Carolina Bank, it is noteworthy that the complaint is silent as to (1) whether plaintiff filed a claim against the estate of Dietenhoffer and, if so, whether it was allowed or denied, and (2) whether the executrix has made or purported to make a final settlement of Dietenhoffer's estate. Moreover, the complaint is silent as to what action, if any, plaintiff has taken to have Mrs. Dietenhoffer removed as executrix and to have a disinterested person appointed as personal representative in her stead.

Plaintiff's factual allegations are to the effect Mrs. Dietenhoffer, without authority, operated the business of Dietenhoffer and Heartfield from Dietenhoffer's death until her qualification as executrix on February 9, 1960, and during this period used funds ($14,109.80) constituting general assets of Dietenhoffer's estate to prefer certain creditors and to prejudice other creditors, including plaintiff, of the same class, and paid $3,491.59 to other unsecured creditors of Dietenhoffer's estate. These alleged facts are deemed sufficient to state a cause of action against Mrs. Dietenhoffer (for an undetermined amount) in behalf of the personal representative of Dietenhoffer's estate, for the benefit of creditors, including plaintiff, prejudiced by her tortious intermeddling and misapplication of assets of Dietenhoffer's estate.

Plaintiff alleges Carolina Bank had full knowledge that Dietenhoffer, at the time of his death on December 20, 1959, was the sole owner of the funds theretofore deposited in the bank in the account and to the credit of Dietenhoffer and Heartfield; and thereafter, with full knowledge of Dietenhoffer's death, honored checks against said account signed by (unauthorized) persons other than Dietenhoffer. There is no allegation as to the balance in said account when Dietenhoffer died or as to the number, amounts, payees, etc., of the checks so honored.

On said alleged facts, Carolina Bank was obligated to Dietenhoffer, its depositor, when he died, in an unstated amount. The relationship theretofore subsisting was that of debtor and creditor. *Lipe v. Bank,* 236 N.C. 328, 72 S.E. 2d 759. Upon Dietenhoffer's death, the title to said account vested in his personal representative for collection and administration. G.S. 28-172; *Sales Co. v. Weston,* 245 N.C. 621, 627, 97 S.E. 2d 267; *Spivey v. Godfrey, supra.* "The bank is bound to see that payment of the deposit of a deceased depositor is made to his duly appointed legal representative." 9 C.J.S., Banks and Banking § 1004.

Ordinarily, a bank's contractual obligation to its deceased depositor can be discharged only by payment to his personal representative. *Sides v. Bank*, 246 N.C. 672, 674, 100 S.E. 2d 67. Hence, upon the facts alleged by plaintiff, whatever payments were made by Carolina Bank with reference to the balance on deposit to the credit of Dietenhoffer at the time of his death did not discharge the bank's liability to Dietenhoffer's personal representative for the amount thereof. These alleged facts are deemed sufficient to state a cause of action against Carolina Bank (for an undetermined amount) in behalf of the personal representative of Dietenhoffer's estate, for the benefit of creditors, including plaintiff. This cause of action against Carolina Bank is the identical cause of action that existed in favor of the personal representative of Dietenhoffer's estate as of the time of Dietenhoffer's death. In this connection, it is noted that plaintiff does not allege that Mrs. Dietenhoffer was the drawer of any of the unauthorized checks on said account.

With reference to the alleged special account in the name of "Dietenhoffer and Heartfield," opened by Mrs. Dietenhoffer after Dietenhoffer's death, plaintiff alleges Carolina Bank honored checks drawn on this account by Mrs. Dietenhoffer. There is no allegation as to the amount deposited in said special account or as to the number, amounts, payees, etc., of the checks so honored. Under plaintiff's allegations, the status of this special account and the nature of transactions in connection therewith are unclear. However, the basis of the cause of action, if any, stated in connection therewith, is that the funds deposited therein were assets of Dietenhoffer's estate and that the bank is now liable to Dietenhoffer's estate for the amount thereof.

While the complaint alleges the bank "carelessly and negligently" honored unauthorized checks, plaintiff's alleged cause of action against the bank is based on its contractual obligations. Under the facts alleged, the bank, if liable to the estate of Dietenhoffer for the amount of said deposits, is the only party to suffer loss if, through carelessness and negligence, it paid to unauthorized persons amounts due the personal representative of Dietenhoffer's estate.

G.S. 1-123, in part, provides: "The plaintiff may unite in the same complaint several causes of action, of legal or equitable nature, or both, where they all arise out of — 1. The same transaction, or transaction connected with the same subject of action." The words and phrases used in G.S. 1-123(1) are defined by Barnhill, J. (later C. J.), in *Hancammon v. Carr*, 229 N.C. 52, 47 S.E. 2d 614.

The conclusion reached is that Mrs. Dietenhoffer, individually, is not a necessary or proper party to plaintiff's alleged cause of action against Carolina Bank; that plaintiff's alleged cause of action against

Carolina Bank based on its contractual obligations is separate and distinct from plaintiff's alleged cause of action against Mrs. Dietenhoffer for tortious intermeddling and misapplication of general assets of Dietenhoffer's estate; that the facts alleged do not support plaintiff's allegation as to joint and several liability in the amount of $17,601.39; and that each cause of action rests on different legal principles. Hence, there was a misjoinder of parties and causes of action; and the judgment, sustaining the bank's demurrer and dismissing the action as to it, is affirmed.

Affirmed.