CHARLES W. GILLIAM AND WIFE, HETTIE P. GILLIAM, v. BRUCE RUFFIN AND WIFE, PAULINE J. RUFFIN; CHARLES RUFFIN AND WIFE, JO ANN B. RUFFIN, RUFFIN & RUFFIN REALTY & CONSTRUCTION INC., A CORPORATION; R. G. HANCOCK AND WIFE, CORA E. HANCOCK; JERRY WILLIAMS AND BOFA, INC., A CORPORATION.

(Filed 10 July 1968.)

**1. Pleadings § 18—**

Where the causes of action set up in the complaint do not affect all parties, there is a misjoinder of parties and causes of action, and a demurrer to the complaint on this ground requires dismissal. G.S. 1-123(1).

**2. Fraud § 9;   Fraudulent Conveyances § 3—**

Where the complaint sets up six causes of action alleging various fraudulent practices and transactions by several defendants, individual or corporate or both, relating to three pieces of realty owned by the plaintiffs, but the causes of action do not affect all the parties to the action, the complaint is demurrable for misjoinder of parties and causes of action.

APPEAL by plaintiffs from *Crissman, J.,* 11 March 1968 Session GUILFORD Superior Court.

This is a civil action heard on demurrers to plaintiffs' complaint. The complaint contains six causes of action, the allegations of which are briefly summarized as follows:

First cause of action: In June 1964, plaintiffs owned three pieces of property on Julian Street in the city of Greensboro. Plaintiffs are approximately 80 years of age and of limited education and business experience. Defendant Bruce Ruffin gained the confidence of plaintiffs and, at his suggestion, took over the management of their business affairs, collected their rents, deducted commissions and remitted the balance to them. While standing in a fiduciary relationship to plaintiffs, defendant Bruce Ruffin, acting for himself and the other individual and corporate defendants Ruffin, proposed to plaintiffs that they give him and his wife a deed to 830 Julian Street for a price of $40,000.00, though he well knew the property was not worth anything like that amount. He was to have transferred to them

property on Lamb's Road which he said was worth $13,000.00 with a first mortgage thereon of $7,000.00. He, or the corporate defendant Ruffin, would make the monthly payments on the Lamb's Road property and after the mortgage was paid, begin to pay plaintiffs $100.00 per month until the difference between $13,000.00 and $40,-000.00 was paid. Plaintiffs did convey the Julian Street property to Ruffin and his wife and the Lamb's Road property subject to the mortgage was conveyed to plaintiffs. Defendant Bruce Ruffin and all other individual and corporate defendants have defaulted in the payments on the mortgage on the Lamb's Road property and no payments have been made to plaintiffs on the 830 Julian Street property.

Subsequently defendant Bruce Ruffin, acting for himself, the other defendants Ruffin and the corporate defendant Ruffin proposed to plaintiffs that they sell him the 902 Julian Street property for $40,000.00, knowing it was not worth that. Payment was to be made by construction of an addition to plaintiffs' residence for which the corporate defendant would receive a credit of $5,000.00 and thereafter the corporate defendant was to make monthly payments of $100.00 until the full purchase price was paid. A paper writing was given them, but they were assured no recording thereof was necessary.

Subsequently another proposal was made by him concerning the 901 Julian Street property. He "borrowed" this property to use as security for a $5,000.00 loan which the corporate defendant Ruffin was to repay in twelve months. Plaintiffs were given a deed of trust on Best Street Shopping Center securing a $5,000.00 note executed by defendant Ruffin. This was a second or third mortgage. The prior mortgages have been foreclosed and plaintiffs left with a worthless note.

After obtaining deeds for the three pieces of property on Julian Street, defendant Bruce Ruffin, acting for himself and the other defendants Ruffin and the corporate defendant Ruffin, borrowed a total of $23,000.00 on the three pieces of property and a deed of trust was recorded for each piece of property securing the note evidencing the indebtedness. At the time of filing of the complaint, payments on all three notes were in arrears.

The defendant Hancock was frequently in the office of Bruce Ruffin, had business dealings with him and the corporate defendant Ruffin and well knew the transactions between plaintiffs and Ruffin. He purported to lend to the corporate defendant $30,000.00 and as security for the payment thereof received a deed of trust covering the Julian Street property subject to the indebtedness

thereon. In order to conceal his participation in the fraud, Hancock purportedly placed the loan through another party and required the note evidencing the indebtedness to be payable to bearer.

Pursuant to entreaty of the brother of Charles Gilliam, the 901 Julian Street property was reconveyed to plaintiffs.

Subsequently, the defendants Ruffin and the corporate defendant Ruffin found themselves in serious financial difficulty. They agreed with defendant Hancock to convey to him the Julian Street properties with other properties owned by them if Hancock would advance an additional $12,750.00. Hancock gave Bruce and Charles Ruffin an option to repurchase one year later upon payment of $83,814.28, this being the amount Hancock had computed as due him by the Ruffins. Bruce Ruffin informed the plaintiffs that unless they reconveyed to him the 901 Julian Street property so he could complete the transaction, the deeds of trust would be foreclosed and they would lose all three pieces of property. He promised to repay Hancock and free their property. They complied, and all three properties were conveyed to Hancock.

By reason of the fraud practiced on plaintiffs the individual defendants Ruffin, corporate defendant Ruffin and defendants Hancock are indebted to plaintiffs in the approximate sum of $16,356.62, the amount due on the indebtedness on the Julian Street properties, and liable jointly and severally for punitive damages in amount of $50,000.00.

Second cause of action: All of the allegations of the first cause of action are repeated and added thereto are these: That the deed to Hancock and option to Ruffin constituted a security transaction; that of the $83,814.28, $29,549.84 was interest and constituted usury; that the corporate defendant Ruffin paid the usurious interest and $15,923.01 on principal from a sale of some property; that subsequently another $2,000.00 was paid on the option agreement; that the corporate defendant Ruffin is entitled to recover from the Hancocks some $66,767.58 by reason of usurious interest charged and paid; that by reason of this liability of the Hancocks to the corporate defendant Ruffin, the option agreement has been satisfied; that the corporate defendant Ruffin should recover of Hancock an additional sum of $30,426.15, the overage after applying usurious interest to obligation; that plaintiffs can assert the claim of usury because by such usurious charges the defendants Hancock have wrongfully retained property which in equity belongs to plaintiffs.

Third cause of action: Repeats the allegations of the first cause of action with respect to the transactions between plaintiffs and Ruffin and Ruffin and Hancock and asks that the court reform the

option agreement to show due thereon some $18,000.00 and upon payment thereof require defendants Hancock to execute a deed to Charles and Bruce Ruffin; that the individual defendants Ruffin be declared trustees for plaintiffs of the Julian Street properties and required to execute deeds therefor to plaintiffs; that the court assess $50,000.00 punitive damages against the Hancocks, $50,000.00 punitive damages against the individual and corporate defendants Ruffin, and that the court assess as damages a sufficient amount to pay off the indebtedness on the Julian Street properties.

Fourth cause of action: Alleges that at the time the corporate defendant Ruffin conveyed 16 tracts of land to defendants Hancock, it was insolvent and indebted to plaintiffs in the amount of some $16,000.00; that defendants Hancock had knowledge of such insolvency and that the purpose of the conveyance was to defraud creditors. Plaintiffs ask that the conveyance to defendants Hancock be declared void and that all properties purportedly conveyed to defendants Hancock by Ruffin be subjected to the lien of any judgment in favor of plaintiffs against individual and corporate defendants Ruffin except the Julian Street properties.

Fifth cause of action: Alleges that 11 tracts of land were conveyed to defendant Williams by McLean and wife; that McLean and wife held a note of corporate defendant Ruffin secured by deed of trust; that foreclosure was imminent; that defendant Ruffin obtained sufficient funds to satisfy the deed of trust and directed that conveyance be made to Williams; that at the time the corporate defendant was insolvent and indebted to plaintiffs and plaintiffs ask that the deed be set aside and that property subjected to the lien of any judgment obtained by plaintiffs against corporate defendant Ruffin.

Sixth cause of action: That seven tracts of land included in the security instrument to the McLeans were conveyed by them to defendant BofA, Inc. at the direction of Bruce Ruffin and for the purpose of defrauding creditors at a time when corporate defendant Ruffin was insolvent and indebted to plaintiffs. Plaintiffs ask that this conveyance be set aside and the seven tracts subjected to the lien of any judgment obtained by plaintiffs.

Defendants Hancock, defendant Williams, defendants Ruffin and defendant BofA, Inc. each filed a written demurrer to the complaint. The demurrers of defendants Hancock, defendant Williams, and defendant BofA, Inc., were allowed and the action dismissed as to them. The demurrer of defendants Ruffin was allowed, but the court in its discretion, allowed plaintiffs to amend their complaint as to defendants Ruffin and the corporate defendant Ruffin. From the judg-

ment entered, plaintiffs appealed. After judgment, settlement was made with defendant BOFA, Inc., and plaintiffs took a voluntary non-suit as to it.

*David M. Clark and Fred M. Upchurch for plaintiff appellants.*

*David I. Smith for individual defendants Ruffin and corporate defendant Ruffin, appellees.*

*Hoyle, Boone, Dees & Johnson by J. Sam Johnson, Jr., for defendants Hancock, appellees.*

MORRIS, J.   The sole question presented by this appeal is whether there is a misjoinder of parties and causes of action.

G.S. 1-123 provides that several causes of action may be united in the same complaint where they all arise out of "1. The same transaction, or transaction connected with the same subject of action."

Assuming *arguendo* that the six separately stated causes of action meet this provision of the statute, they do not comply with that portion of the statute providing as follows: "But the causes of action so united must all belong to one of these classes, and, except in actions for the foreclosure of mortgages *must affect all the parties to the action,* and not require different places of trial, and must be separately stated." (Emphasis supplied.)

The first cause of action asks for damages for fraud against defendants Ruffin. This cause of action does not affect defendant Williams or defendant BOFA. The second cause of action is for fraud and for usury. It asks that the corporate defendant Ruffin recover an amount representing usurious interest from Hancock. This cause of action does not affect either Williams or BOFA and the recovery sought is against one defendant in favor of another defendant. The third cause of action is to reform an option agreement affecting defendants Ruffin and Hancock, to require Hancock to execute a deed to the Julian Street property to plaintiffs, to have individual defendants Ruffin declared trustees thereof for plaintiffs, and to require individual defendants Ruffin to execute deeds for the property to plaintiffs. Plaintiffs also seek punitive damages against defendants Hancock and individual and corporate defendants Ruffin. This cause of action does not affect Williams or BOFA.

The fourth cause of action is to declare void all deeds giving defendants Hancock any interest in the Julian Street properties, to impress a trust on the Julian Street properties in favor of plaintiffs, and to subject other properties conveyed by defendants Ruffin to defendants Hancock to the lien of any judgment obtained in favor

of plaintiffs against individual and corporate defendants Ruffin. This cause of action does not affect either Williams or BOFA.

The fifth cause of action is to declare void a deed to Williams conveying 11 tracts of land (not including the Julian Street properties), to declare the corporate defendant Ruffin the owner of the 11 tracts of land, and to subject these tracts to the lien of any judgment in favor of plaintiffs against corporate defendant Ruffin. This cause of action does not affect BOFA, or the individual defendants Ruffin, or defendants Hancock.

The sixth cause of action alleges a conveyance to BOFA, Inc. of 7 tracts of land (not including the Julian Street properties) at the direction of defendants Ruffin at a time when defendants Ruffin were insolvent and indebted to plaintiffs. It asks for "relief in accordance with the law and facts as shall be found by the court and jury, and in accordance with the cause or causes of action as stated herein as shall be found by the court to be appropriate". This cause of action does not affect defendants Hancock or defendant Williams.

It is readily apparent that the causes of action do not affect all parties. There is, therefore, misjoinder of parties and causes of action. The demurrers were properly sustained and the action dismissed as to defendants Hancock, Jerry Williams, and BOFA, Inc. *Kearns v. Primm*, 263 N.C. 423, 139 S.E. 2d 697. The action of the trial court in allowing plaintiffs to amend their complaint as to the individual defendants Ruffin and the corporate defendant Ruffin is not before us since those defendants did not appeal therefrom.

Affirmed.

CAMPBELL and BRITT, JJ., concur.